ELIZABETH THOMAS *v.* TAILLEU, her husband.

The rule that in actions of separation from bed and board both parties should be dismissed when
guilty of mutual wrongs has its qualification, that the wrongs should be similar in nature and so
proportioned in extent as to render it difficult to ascertain which party is mainly in fault.

APPEAL from the District Court of the parish of Lafourche, *Roman*, J.
*Beatty & Bush*, for plaintiff. *R. D. Jordan*, for defendant and appellant.

SPOFFORD, J.   The plaintiff had judgment against her husband for a separation from bed and board, and alimony for herself and children—the husband has appealed.

The decree is abundantly supported by evidence not open to legal objections.

It is shown that the husband is habitually intemperate, which alone would entitle the wife to a judgment of separation.   Acts 1855, p. 376, sec. 1.

It is also shown that he was guilty of excesses, outrages and cruel treatment towards her, of a kind to render life with him insupportable.

The appellant filed a reconventional demand, claiming a separation himself, for certain faults which were rather vaguely charged against his wife.

His counsel, in this court, has attempted to bring the case under the rule, that both parties should be dismissed when guilty of mutual wrongs.

That rule has its qualifications.   The wrongs should be similar in nature, and so proportional in extent as to render it difficult to ascertain which party is mainly in fault.

No intemperance is charged upon the wife.   The habitual drunkenness of the husband is not traceable to any conduct on the part of the wife as its exciting cause.

The excesses, outrages and cruel treatment of the husband towards his wife are enormous, as compared with the faults of which she is shown to have been guilty, and were themselves the exciting cause of those faults, not their result.

She retorted upon him one or two of his abusive epithets, when stung by his outrageous treatment, and when driven from his house, took a small pittance of money which is presumed to have belonged to the community, to keep herself and children from starvation.

It is needless to recapitulate his grave offences, compared with which these sins laid to her charge are but venial faults.

The alimony allowed is moderate under the proof.

It is, therefore, ordered and decreed, that the judgment appealed from be affirmed, with costs.