## No. 6686.

### Mrs. Johanna Dillon vs. Luke Dillon, Her Husband.

This Court will presume that the Court a qua properly exercised the discretion vested in it, in refusing a continuance claimed on the ground that Defendant's Counsel was unavoidably absent and engaged in the actual trial of a cause in another Court, if the Record does not contain the proof of the facts upon which the continuance was asked for.

The rule of law that both parties should be dismissed when guilty of mutual wrongs, has its qualifications in suits for divorce, and only applies when the wrongs are similar in nature and so proportional as to render it difficult to ascertain which party is mainly in fault.

The testimony of the husband and of the wife is inadmissible in a suit for a divorce. Such cases do not come within the exception of article 2281 of the Civil Code. The rule of exclusion of the testimony is founded upon considerations of public policy and morality.

APPEAL from the Fifth District Court, parish of Orleans. *Michinard*, Judge *ad hoc*.

Braughn, Buck & Dinkelspiel for Plaintiff and Appellee.

Chas. S. Rice for Defendant and Appellant.

The opinion of the Court was delivered by

Fenner, J. The first question to be disposed of in this case is the claim of appellant to have the cause remanded to be tried over again on the ground that the judge *a quo* improperly refused a continuance of the case on the day fixed for trial, and tried the case when the only counsel of defendant was unavoidably absent, engaged in the actual trial of a cause in another court.

We are not prepared to say that if the facts alleged were proved, and in the absence of explanatory circumstances to justify the action of the judge, such a refusal to grant a continuance would not afford proper ground for relief in this Court. But we must take the record as we find it, and can only predicate our action on what appears therein.

This record contains nothing to establish the state of case upon which appellant's claim for relief is founded.

Nothing appears connected with the taking up of the case for trial except the simple entry that " Chas. S. Rice, for defendant, did not appear." There is no statement of any application for continuance or refusal thereof.

In the rule for new trial, it is true, the facts above set forth are stated as one of the grounds; but, though the affidavit of the defendant is attached to the rule making oath to the truth of certain facts therein, it does not include these. The rule was regularly fixed for trial. On the day fixed, the entry shows that the counsel for defendant was again absent.

No testimony was taken, and the rule was submitted, and was decided simply as follows: "The Court seeing no reason to change its opinion herein as heretofore expressed—it is ordered that said rule be dismissed."

Facts averred in support of an application for new trial must be either admitted, or proved, like any other facts. They cannot be taken as established by merely being alleged in pleading.

All the circumstances were necessarily within the personal knowledge of the judge, and, in the absence of positive proof to the contrary, we are bound to assume that he exercised the discretion in him vested properly.

### ON THE MERITS.

This is an action for separation from bed and board and for ultimate divorce, on the grounds of ill-treatment, excesses, and misconduct on the part of the husband, of a nature to render their living together insupportable; for the dissolution and settlement of the community of acquets and gains; for restoration to the administration of her separate property, as well as of the property of her minor child by a former marriage, in her capacity of natural tutrix; and for judgment against the husband for certain paraphernal funds which she claims to have entrusted to him.

We have examined, with great care, the voluminous evidence touching the conduct of these spouses toward each other. The cruel treatment, outrages, and personal violence on the part of the husband toward the wife, continually and constantly repeated, going so far as a determined attempt to kill her on one occasion, and frequently accompanied with murderous threats, were certainly such as to render her living with him insupportable. The only refuge of the defense was, by establishing violent temper, abusive language, holding her own in furious quarrel, and like misconduct on the part of the wife, to bring the case within the rule that both parties should be dismissed when guilty of mutual wrongs. But, as well said by Judge Spofford, in the case of Thomas vs. Taillen, 13 A. 127, "that rule has its qualifications. The wrongs should be similar in nature, and so proportional as to render it difficult to ascertain which party is mainly in fault.      *      *      The excesses, outrages, and cruel treatment of the husband toward his wife

are enormous as compared with the faults of which she is shown to have been guilty, and were themselves the exciting cause of those faults, not their result."

Such we find to be the case here. In another case, in excusing the violence of a husband toward a termagant wife, Judge Martin said: "husbands are men, and not angels." The plaintiff here, though a woman, has certainly shown that she is not an angel; which she must have been, however, to have endured the violence of defendant with patience, and his abuse without retort.

Her case as presented in this evidence entitles her to relief. We have reached the foregoing conclusions from the testimony of other witnesses than the husband and wife, whose evidence, we think, was improperly admitted. Article 2281 of the Revised Civil Code retains the very words of art. 2260 of the former Code, when it declares that "the husband cannot be a witness for or against the wife, nor the wife for or against the husband;" adding, however, this exception: "but in any case where the husband or wife may be joined as plaintiffs or defendants, and have a separate interest, they shall be competent witnesses for or against their separate interests therein." The husband and wife clearly are not joined as plaintiffs or defendants in this case, and, therefore, do not fall within the terms of the exception. It follows, therefore, that their rights to testify are governed by the same rule which prevailed under the Code of 1825. Whatever inconvenience, and even injustice, may result from their exclusion in such cases as this, they are only such as existed for years before the alteration of the law, and if in such alteration the lawgiver did not see fit to remedy and remove them, it is not in our power to do so.

The counsel refers to the case of Meyer vs. Smith, 24 An. 153, as establishing a contrary doctrine; but, on referring to that case, we find that counsel was misled by a faulty head-note, and that the decision itself does not sustain him.

The rule on this subject has been held to be founded on considerations of public policy and morality, Tully vs. Alexander, 11 An. 628, and the law is prohibitory in its terms, so that we are bound to reject and disregard the evidence of the spouses, without reference to the shape in which objections to it, at time of offering, are presented.

Outside of their testimony, we find no sufficient evidence in the record upon which to affirm the judgment of the court a qua, so far as the same determines the status of the property therein referred to, or so far as the same condemns the defendant to pay to plaintiff the sum of one hundred and eighty dollars.

It is therefore ordered, adjudged, and decreed that the judgment appealed from, so far as it decrees a separation from bed and board

42

between the parties to this suit, be affirmed ; that the remainder of said judgment fixing the status of the various properties therein referred to and condemning the defendant to pay to plaintiff the sum of one hundred and eighty dollars, be avoided and reversed, without prejudice to the right of the parties to assert and vindicate their respective claims to said property and moneyed rights in the partition proceedings, or otherwise.

And it is further ordered that the cause be remanded to the lower court to be proceeded with before the nqtary designated, or to be designated by the said court, for the liquidation and final partition of the community of acquets and gains, and for settlement of the rights of the parties. The costs of appeal to be paid by appellee, and those of the lower court by appellant.