## No. 8929.

36  583
110  242

### MARGARET MOCLAIR vs. JAMES LEAHY, HER HUSBAND.

Cruel excesses of the husband towards his wife, consisting in abusing, cursing and striking her, refusing her food and subsistence, medicine and medical aid during her sickness, when shown to be able, with sufficient means to furnish the same, are causes which entitle the wife to a separation from bed and board.

APPEAL from the Civil District Court for the Parish of Orleans *Rightor*, J.

*Jos. H. Spearing* for Plaintiff and Appellant.

*H. H. Bryan* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J.	Plaintiff sues her husband for separation from bed and board, on the grounds of ill-treatment and cruel excesses and outrages.

His defense is a general denial, followed by the charge that the wife's irascible temper and violence of character have been the sole causes of their disagreement.

The wife has appealed from a judgment rejecting her demand.

The evidence shows that the defendant has cruelly ill-treated his wife, towards whom he committed excesses and outrages which compelled her to seek refuge at the house of her parents.

The parties were married in October, 1881, and the ill-treatment of the wife began in May following, hardly six months after their marriage, at a time when conjugal relations, it ever, run smooth and harmoniously.

It appears from the record, that from the beginning of their quarrels to the time of the institution of the present suit, the parties had no more peace together, and that the husband's conduct became absolutely unbearable.

Among other cruel excesses, he is shown to have refused her all means of subsistence, even food, although, as a skilled mechanic, he was earning ample wages; by reason of which she was compelled to go to her father's house for her meals. He thus became irritated at her frequent absence from home, to the extent of refusing to admit her in the house on her return in the evening from her parents' domicile. It is also shown by the evidence that, during a spell of sickness with which she was afflicted, he refused to procure medicine or medical aid, for which she had recourse to her friends and relatives. During his ire and frenzy, he broke the furniture, cursed and used foul language against his wife, whom he struck on two occasions.

A woman subjected to such treatment is justifiable in taking refuge with her parents and is entitled to the intervention of the laws enacted for the protection of ill-treated and abused wives.

An attempt was made to show that the wife had a bad, irascible and uncontrollable temper; and that on one occasion her conduct had become scandalous through her violent refusal to allow men to remove the furniture from one house to another, under her husband's orders.

The facts are that she refused to allow furniture, which she claimed as her own, to be removed to a house, where she had determined not to follow her husband, after his conduct and excesses had rendered their living together insupportable.

We are satisfied that all the troubles of that unfortunate household are wholly attributable to the fault of the husband and that the wife is entitled to relief.

We note her prayer for alimony and for a liquidation of the community interests, but the evidence is not sufficient to allow us to intelligently dispose of that issue in the present proceedings. We reserve her rights to press her claims thereto in a separate action.

It is, therefore, ordered and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now ordered and adjudged that plaintiff do have and recover judgment of separation from bed and board against her husband, with her costs in both courts, and with the reservation of her right to alimony and the liquidation of the community in a separate action.

Rehearing refused.