| 39 | 475 |
| 110 | 242 |

## No. 9848.

### ELIZABETH MACHADO VS. VINCENT BONET, HER HUSBAND.

The rule of our jurisprudence, which denies the interference of courts in suits for separation between spouses, in cases in which there are mutual wrongs, will not apply to the case of a wife who may be shown to be of a quarrelsome disposition, but whose husband is shown to have been guilty of cruel and outrageous excesses towards her, including the frequent infliction of blows on her, and an attempt to take her life.

To condemn a woman to live under the authority of a brutal husband, whose excesses and cruelty render her life with him, absolutely unbearable, simply because such conduct has driven her to desparation, culminating in endless quarrels with him and in violent explosions, would be a denial of justice.

APPEAL from the Civil District Court for the parish of Orleans. *Monroe*, J.

*E. & J. Staës* and *G. Duplantier* for Plaintiff and Appellant.

*A. E. Billings* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff appeals from a judgment rejecting her demand for a decree of separation from bed and board from her husband, and for the custody of one of the children born of the marriage. Her complaint contains charges of cruel treatment and other causes, including blows and an attempt to take her life, against the husband.

The defense consists mainly of counter-charges of faults and excesses on the part of the wife.

The testimony goes to some extent to prove mutual wrongs between the spouses, but they are not of the same nature, and we leave the record with the clear conviction that the faults proved against the wife are the natural consequences and the inevitable outgrowth of the systematic, continuous and insupportable persecution which for years she received at the hands of her brutal husband.

It is in proof that he daily ill-treated and grossly insulted her, by applying vile epithets to her, ordering her to leave his house, in the presence of their children, of the servants and of visitors who happened to be in the house; that he frequently struck her with his fist;

that on two occasions he inflicted bodily harm on her person by means of things which he threw at her during his anger, and that on one occasion he shot at her with a pistol.

Her greatest wrongs, as shown by the record, consisted in retaliating vile epithets at him, and on one occasion during the pendency of a previous suit for separation in which she was non-suited owing to the withdrawal of her counsel, it appears that she broke and destroyed some furniture which officers of the law were about to seize and to remove from her premises at the instance of the husband.

Our examination of the evidence leaves no doubt on our minds as to her right to claim the protection of the law from the excesses of a man whose brutality has gone so far as to endanger her life. Thomas vs. Taillieu, 13 Ann. 127; Dillon vs. Dillon, 32 Ann. 643.

It is therefore ordered that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed, that plaintiff do have and recover judgment against the defendant, her husband, decreeing a separation of bed and board between them, and granting to plaintiff the permanent custody of the daughter, Lena Bonet, issue of the marriage, and condemning the defendant to pay costs in both courts.