(34 South. 428.)

No. 14,743.

DUHON v. DUHON.

(April 27, 1903.)

### DIVORCE—SEPARATION—EVIDENCE.

1. Where a husband has not only ceased to care for his wife, but for years has pursued towards her a course of cruel indifference, neglect and active displeasure, culminating at times in curses and vile epithets, and where it is even shown that he has more than once struck her, her appeal for a separation from bed and board will be sustained.

(Syllabus by the Court.)

Appeal from Judicial District Court, Parish of Cameron; A. R. Mitchell, Judge ad hoc.

Action by Marie L. Duhon against Julian Duhon. Judgment for defendant, and plaintiff appeals. Reversed.

Pujo & Moss and Fournet & Fournet, for appellant. Schwing & Moore, for appellee.

BLANCHARD, J. This is a suit for separation from bed and board, with its consequence of separation of goods and effects—dissolution of the community.

The petition charges that the defendant husband has for years treated the plaintiff wife with such cruelty, and his conduct towards her has been of such a character, as to render their further life together insupportable to the wife.

It charges him with failure to provide her with clothing and the other necessities of life, although himself a man of considerable means. It alleges that he has ceased to make his home at the matrimonial domicile, and that the couple are completely estranged. In short, it is a case where a wife seeks separation from bed and board from a husband on one of the grounds accorded by the law for such action, viz:—excesses, cruel

treatment and outrages of such a nature as to render their living together insupportable.

The defendant denies these charges and resists the separation.

There was judgment rejecting the wife's demand and she appeals.

*Ruling*—These parties, husband and wife, are past fifty years of age. They have grown children and the youngest of the family of children is over nineteen years old.

The husband is possessed of considerable property, alleged in the petition to be of the value of $15,000.00 or $20,000.00. It is all community in character. He has, of course, its management as head and master of the community.

He has not provided adequately for the wife. Indeed, the evidence shows a case of cruel neglect in this regard. It also shows that he has abandoned, practically, for the last three years the matrimonial domicile, and that these parties are not living together as man and wife, though he occasionally visits the place where the wife lives.

The only witnesses sworn in the case are the four sons of the parties litigant. While for the most part reluctant, evidently, to fill the role of informers of the matrimonial infelicities of their parents, their testimony taken, as a whole, makes out a case fully warranting the relief the wife seeks.

The present condition of affairs is the culmination of a long series of ill treatment begun on his part seven or eight years ago and continued down to the time the suit was filed.

She was struck blows, curses were heaped upon her, vile epithets applied to her in the presence of her children. There was discord, strife, wrangling, quarreling in abundance between this conjugal couple.

It is a case, evidently, where the husband has not only ceased to care for his wife, but pursues a course of cruel indifference and active displeasure towards her. That she is not altogether free from blame may well be admitted, but the evidence fastens the fault for the present situation upon the husband in such degree as entitles her to the judgment she asks.

The Courts of Louisiana are reluctant to interfere with the relations of man and wife and slow in interposing their authority wherever it seems probable, in any reasonable view, that those relations may be preserved.

But here, if we take the testimony in this record as our guide, all doubt of the duty of the court to grant this separation is dissolved. See Moclair v. Leahy, 36 La. Ann. 583; Jolly v. Weber, Id. 677; Headen v. Headen, 15 La. 61; Machado v. Bonet, 39 La. Ann. 475, 2 South. 49; Thomas v. Tailleu, 13 La. Ann. 127; Dillon v. Dillon, 32 La. Ann. 643.

These parties cannot longer live together in any tolerable condition of domestic peace and quiet. It were better for them to be separated, as the wife prays. This will free her from a situation which seems no longer consistent with life worth living, and give her the enjoyment and comfort, unhindered, of her share of the accumulations of the matrimonial community.

It is ordered and decreed that the judgment appealed from be avoided and reversed and it is now adjudged and decreed that the plaintiff be and hereby is awarded separation from bed and board from the defendant, her husband, and that the community of acquets and gains existing between them be and hereby is declared dissolved.

It is further ordered, etc., that this cause be remanded to the court *a qua* for purposes of liquidation and settlement of the community interests between the spouses, and that the defendant pay costs.