155 So. 21

## DUCKWORTH v. DUCKWORTH.
### No. 32421.

April 23, 1934.

T. A. Carter, of Alexandria, for appellant.

Gus A. Voltz, of Alexandria, for appellee.

OVERTON, Justice.

This suit is one brought by Mrs. Lucille Duckworth against her husband, Arthur C. Duckworth, for separation from bed and board on the ground of cruel treatment of such a nature as to render their living together insupportable, for a separation of property, for an injunction, and for alimony.

Defendant appeared and put the case at issue. The case was tried. A large volume of oral evidence was introduced. The trial resulted in a judgment in favor of plaintiff, granting the separation from bed and board asked for, ordering the dissolution of the community, and allowing plaintiff alimony in the sum of $35 a month.

A careful review of the record leaves no doubt in our minds that defendant, without just cause, has been guilty of outrages against his wife and cruel treatment to her. Plaintiff is a woman of refinement. She is frail and rather delicate. Her husband, on the contrary, is a robust man, about six feet in height, and rough in his manner. Quarrels were not uncommon between them, the husband usually precipitating the trouble. He struck his wife, pulled her hair more than once to such an extent that she was forced to retire to bed for relief from the pain that followed, cursed her outrageously in his fits of temper, and refused her medical attention when it should have been manifest to him that she needed it, saying to her that she was not in need of such attention. On one occasion, plaintiff, being sadly in need of dental attention, went with one of her sisters to see a dentist. Defendant refused to pay the bill, writing the dentist as reason for his refusal that he had no legal wife. On another occasion, speaking of his wife, he said that he would like to get rid of that woman. On the other hand, the defendant was guilty at times of some indiscretions in her conduct towards her husband, but they amounted to nothing as compared with his acts and conduct against and towards her. We have therefore given but little weight to them. They were wholly insufficient to entitle defendant to relief or to justify his conduct.

The law is well settled as to what acts of cruelty will entitle one of the spouses to a separation. We need only cite article 138 of the Civil Code. So far as jurisprudence is concerned, it suffices to cite Machado v. Bonet, 39 La. Ann. 475, 2 So. 49. These authori-

ties justify the granting of relief to plaintiff.

The judgment appealed from is affirmed.

ST. PAUL, J., absent.