PONDER, Justice.
 

 The plaintiff, Mrs. Sarah Cordaro Sampognaro, brought suit against her husband, Russell Sampognaro, for separation from bed and board on the ground of abandonment. Upon trial, the lower court rejected her demands and the plaintiff has appealed.
 

 After the judgment was rendered in the lower court and while the appeal was pending in this Court, the husband brought suit against his wife for divorce on the ground of their having lived separate and apart for more than two years. On trial of this subsequent suit and during the pendency of this appeal, the lower court gave judgment granting the husband an absolute divorce. The community of acquets and gains was dissolved, the custody of the two minor children, born of the marriage, was awarded to the husband, the wife was awarded alimony in the sum of $25.00 per month, and her attorney was awarded a fee of $50.00, to be paid out of the assets of the community. The judgment also provided that the wife would have the right to see the minor children at all reasonable times and places.
 

 Russell Sampognaro moves to dismiss the appeal on the ground that the suit for separation from bed and board went out of legal existence when he was granted an absolute divorce. He has attached to his motion a certified copy of the judgment of the lower court granting him an absolute divorce.
 

 The same question presented by the motion to dismiss the appeal was considered by this Court in the case of Cot
 
 *817
 
 ton v. Wright, 193 La. 520, 190 So. 665, and it was held that a suit for separation from bed and board had no legal existence after a divorce was granted. Therein, it was s.tated in effect that the bonds of matrimony were completely severed by a judgment of divorce and the wife could proceed no further with a suit for separation from bed and board because the defendant was no longer her husband.
 

 For the reasons assigned, the appeal is dismissed at defendant’s, appellant, cost.