**87 So.2d 4**

**Freda Jones MURPHY**

v.

**Coleman P. MURPHY.**

No. 41488.

March 26, 1956.

Love & Rigby, Shreveport, for defendant-appellant.

Wilson, Abramson & Maroun, Shreveport, for plaintiff-appellee.

FOURNET, Chief Justice.

The defendant, Coleman P. Murphy, having appealed from a judgment in favor of his wife, Freda Jones Murphy, decreeing a separation from bed and board and ordering him to pay alimony pendente lite of $60 a month, filed in this Court shortly before the date set for argument of his appeal an "Exception of No Cause of Action and/or Plea in Abatement and Estoppel," based on the fact that his wife, while this case was pending here on appeal, secured a judgment of absolute divorce from him on the ground of two years separation —his contention being that since a suit for separation from bed and board abates and ceases to have any legal existence when a divorce is granted, the right to claim alimony pendente lite, which is merely an incident to a suit for separation from bed and board, necessarily falls also.

Counsel's argument that when the wife was granted an absolute divorce on the ground that she had been living separate and apart from her husband for more than two years, her suit against him for separation from bed and board necessarily went out of existence, is correct. Cotton v. Wright, 193 La. 520, 190 So. 665; Sampognaro v. Sampognaro, 213 La. 814, 35 So.2d 742. But counsel's conclusion that the judgment in this case in favor of the wife, ordering the husband to pay alimony pendente lite, became void and ineffective the moment the judgment for divorce was granted, finds no support in law. Cotton v. Wright, supra; Eals v. Swan, 221 La. 329, 59 So.2d 409. As pointed out in Smith v. Smith, 217 La. 646, 652, 47 So.2d 32, 34,

"Article 148 [1] has for its purpose the enforcement of the husband's obligation of support of his wife as it exists under Article 120 of the [LSA–] Civil Code,[2] which continues during the pendency of a suit for separation from bed and board or for divorce and does not terminate until the marriage is dissolved either by death or by divorce. While the suit is going on the obligation still exists and, whether the wife is the one who is suing or is being sued, if she has not a sufficient *income* for her maintenance, the judge *shall* allow her a sum for her support, the amount to be gauged according to what her needs are and what are the means of her husband. * * *" This obligation continues until the bonds of matrimony are dissolved. Arnold v. Arnold, 186 La. 323, 172 So. 172; Eals v. Swan, supra, and cases therein cited; Hillard v. Hillard, 225 La. 507, 73 So. 2d 442.

■ Counsel's argument in brief on the merits that the plaintiff failed to establish lawful grounds for separation from bed and board, and that the judgment decreeing this relief was erroneous and should be reversed, avails him nothing insofar as alimony is concerned because, as shown above,

the wife's right to alimony pendente lite is not dependent upon the merits or the outcome of the suit. In any event we think the evidence supports the judgment of the trial court decreeing a separation from bed and board in favor of the wife, and that the award of $60 a month for alimony was reasonable under the circumstances of the case.

■ We think, however, that there is merit in defendant's claim that the trial judge erred in awarding plaintiff the amount of $250 as attorney's fees. Although she alleged that she was entitled to attorney's fees and prayed for judgment against the defendant therefor, she did not allege that she had paid counsel or obligated herself to pay in any amount, nor did she introduce any evidence to show the value of said services. Under the circumstances, the judgment granting attorney's fees was unwarranted. Scacciaferro v. Hymel, 206 La. 973, 20 So.2d 284; Arnold v. Arnold, 186 La. 323, 172 So. 172.

For the reasons assigned, the judgment of the district court is amended by disallowing attorney's fees, fixed therein at the sum of $250, and, as amended, it is affirmed.

1. LSA–Civil Code, Article 148, provides: "If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband."

2. That Article declares: "The wife is bound to live with her husband and to follow him wherever he chooses to reside; the husband is obligated to receive her and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition."