HAWTHORNE, Justice.
On December 24, 1957, a judgment was read and signed in the Civil District Court *496 for the Parish of Orleans, Division “B”, granting to Mrs. Helen K. Gallagher, wife of Edward J. Randle, a separation from bed and board. Mrs. Randle, plaintiff in the suit, was given the care and custody of the minor child, John Porter Randle, with the right granted to the husband to have the custody of the child between certain hours on certain designated days. This judgment also made permanent a preliminary injunction restraining and prohibiting Randle from alienating or encumbering any of the community assets. The judgment further ordered Randle to pay to Mrs. Randle alimony of $300 a month for the support of herself and the minor child, and fixed the fee of plaintiff’s attorney at $500 and provided that it was to be payable out of the community of acquets and gains. The judgment also dismissed the husband’s reconventional demand for a separation from bed and board.
From this judgment defendant Edward J. Randle perfected a suspensive and de-volutive appeal to this court. This appeal is still pending here and has never been fixed for argument on the merits.
The appellant Randle has filed a motion in this court alleging that while his appeal was pending, he instituted a suit for divorce against his wife on the ground that they had been living separate and apart for over two years, and that a judgment was rendered in his favor and against his wife decreeing an absolute divorce and reserving their respective rights in the community property.[1] He attached to this motion a certified copy of the judgment of divorce, and we observe that this judgment makes no custody or alimony award. The motion alleges that the separation suit now pending in this court has become moot and has abated because of the subsequent judgment of divorce, and accordingly mover prays that the suit for separation from bed and board now pending in this court on appeal be dismissed.
Appellee, the wife, has filed a motion in this court alleging that appellant’s allegations of fact as to the absolute divorce are true and correct, but denying appellant’s right to have the separation suit dismissed^ Instead, she prays that his appeal be dismissed on the ground that it has abated by the judgment of absolute divorce.
In the instant case, since the husband has been granted on statutory grounds an absolute divorce which completely severed the bonds of matrimony, his wife’s separation suit now pending on appeal in this court went out of legal existence, and therefore the issue of the correctness of the decree granting her a separation from bed and board has become moot. Thornton v. Floyd, 229 La. 237, 85 So.2d 499, and authorities there cited; see Murphy v. Murphy, 229 La. 849, 87 So.2d 4. It is to. be observed, however, that the judgment appealed from awarded to the wife for herself and the minor child alimony of $300 a month, and the alimony right thus acquired by the wife pursuant to this judgment of separation from bed and board remained in force until the rendition of the final decree of divorce and will be enforceable in the event we affirm the judgment awarding alimony. Thornton v. Floyd, supra. There is therefore still remaining before this court the correctness, of the judgment of the lower court awarding alimony in this amount, and appellant is entitled to have the judgment appealed from reviewed to this extent.
Since the issue of the correctness of the alimony award in the separation suit remains to be determined by this court on appeal, and possibly also the award of attorney’s fees, we cannot at this stage of the proceedings dismiss either the appeal or the separation suit in toto.
For the reasons assigned appellant’s motion to dismiss the separation suit and ap-pellee’s motion to dismiss the appeal are both denied. Each party is to pay one-half the costs in this court in this proceeding.

. No appeal was taken from the judgment of divorce, and it is now final.