On Application for Rehearing
Defendant-appellant has filed an application for a rehearing of our dismissal of his appeal.
Pie now contends that his appeal presented for this Court’s determination not only the correctness of the trial Court’s judgment granting a separation from bed and board, but also questions involving alimony pendente lite, i. e., whether or not such alimony was due and, if so, whether a proper amount was awarded; that a judgment *306 awarding or refusing to award alimony is itself appealable and divisible from that part of the same judgment which granted the separation (Ramos v. Ramos, 173 La. 407, 137 So. 196) ; and that appellant has a right to have these alimony questions passed on by this Court, a right which is denied him by the dismissal of the appeal. He relies chiefly on the case of Murphy v. Murphy, 229 La. 849, 87 So.2d 4, which held that a judgment for alimony was still before the appellate Court under facts similar to the instant case.
Murphy is not apposite. Here appellant’s suspensive appeal from the judgment which awarded both a separation and alimony placed both questions before this Court. His prayer for relief on appeal was as follows :
“It is now respectfully submitted that there should be a judgment of this Court holding that the evidence and the law is not sufficient to warrant a judgment granting a separation from bed and board and, accordingly, the judgment of the lower Court should be. reversed; in the alternative, should this Court find that the judgment of separation from bed and board is proper, then in that event the Court should render judgment fixing the alimony to be paid by the husband at the sum of $40.00 per week.
Our first decree gave to appellant the relief which he sought and for which he specifically prayed. However, it did not relieve him from the obligation of paying alimony for the support of his wife and child and did not prevent the wife from later seeking the unpaid alimony installments which accumulated between the date of the judgment awarding the alimony and the final decree of divorce. Thornton v. Floyd, 229 La. 237, 85 So.2d 499. Yet appellant did not apply for a rehearing from that decree. His present application comes too late.
The application is denied.
Application denied.
McBRIDE, J.,
is of the opinion that a rehearing should be granted, limited to the question of alimony. See Murphy v. Murphy, 229 La. 849, 87 So.2d 4; Thornton v. Floyd, 229 La. 237, 85 So.2d 499.