AYRES, Judge.
This is an action for a judgment of separation “a mensa et thoro,” coupled with a demand for alimony, both pendente lite and permanent, on behalf of the wife and minor child.
Consolidated with the instant action, in this court, for the purpose of trial, is the case of Carpenter v. Carpenter, 129 So.2d 474, wherein the plaintiff therein sought an absolute divorce.
These proceedings, ordinarily simple from a procedural standpoint, have become considerably involved and the issues confused by the various and sundry actions undertaken by either one or the other of the litigants, as disclosed by the minutes of the trial court, covering a period of 19 days. This confusion and complexity have become more confused and more complex by the extensive and exhaustive briefs wherein are pointed out and emphasized the great importance and materiality, or the lack *472 thereof, of each of the maneuvers pursued and the rulings thereon. 'Instead of clarifying the issues, the meticulous efforts to save us from error are conducive of the further perplexity of the situation and of our bewilderment. We shall, however, so far as possible, disassociate our thinking from the mass of procedural entanglements and confine our consideration only to the important and decisive issues involved.
A brief statement of the facts will probably be helpful to an understanding of the resolution we make of these issues. On trial of a rale for alimony on behalf of plaintiff and the minor child, an award of $50 per month was made in a judgment of December 18, 1957, which ordered the payments to begin as of January 2, 1958. The case on the merits was assigned for an early hearing and, in a judgment of January 15, 1958, plaintiff’s demands for a separation were rejected. A motion for a new trial and a rehearing was timely filed on behalf of plaintiff but, because a transcript had not been made of the note of evidence taken on the trial of the case, the trial of the motion was not had until May 18, 1959, following which, on May 20, 1959, the motion was overruled. However, on June 30, 1959, plaintiff petitioned for a rule to show cause and prayed that the alimony awarded pendente lite be determined and made ex-ecutory. To this proceeding, an exception of no cause of action was urged and sustained and a judgment was accordingly signed July 15, 1959.
The minutes of the court reflect, however, that on July 15, 1959, plaintiff moved for and was granted, in open court, orders of devolutive appeal which were immediately perfected by the filing of an appropriate appeal bond. The appeal was returnable September 11, 1959.
The defendant has, by motion filed in this court, prayed for a dismissal of plaintiff’s appeal on the ground no appeal was taken from the judgment of January 15, 1958, or, in the alternative, that the appeal was not timely or properly taken in that it was taken in open court more thani a year after rendition of the judgment and at a term subsequent to that in which it was rendered, without either a prayer for or the issuance or service of a citation of appeal. From our review of the record and', from our appreciation of the facts, as well' as the law applicable thereto, we can find, no merit in either of the contentions. As-regards the first of these, it may be pointed out that the appeal, in our opinion, was-clearly and obviously taken from the judgment rendered on the merits of the case— that was the only final, applicable judgment, in the record so far as concerned the plaintiff.
As to the alternative contention, we-find that the appeal was taken timely and: properly by a motion in open court. LSA— R.S. 13:4214 provides:
"An application for a neiv trial or a rehearing filed, timely as required hy R.S. 13:4213, shall suspend the running• of the time in which judgments become executory or within which appeals maybe taken until the application has been denied. If the application is granted by the court, the judgment shall be considered set aside, even though the judgment has been signed.” (Emphasis supplied.)
Thus, any doubt formerly existing as. to when judgments become executory, and' as to the effects of signing of a judgment prior to the denial of a motion for a new trial or a rehearing, has been dispelled. The motion for a new trial and rehearing was overruled May 20, 1959, and the appeal was-taken and perfected by the filing of an appropriate bond on July 15, 1959; and, hence,, within a year and within the same term of court the motion for a new trial and rehearing was overruled. Thus, it clearly appears, from the foregoing, that the year within which a devolutive appeal must be taken did not begin to run until the denial of the application; that the appeal was taken during the same term the application for a new trial and a rehearing was over *473 ruled. Hence, it can only be concluded that the appeal was timely and properly taken and perfected, and that the motion to ■dismiss the appeal cannot be sustained. Browder v. Roby, La.App. 2d Cir., 1958, 102 So.2d 275. See, also, Code of Practice Arts. 318 and 593; Fisher v. International Brotherhood of Electrical Workers, Local No. B-130, 1950, 218 La. 243, 48 So.2d 911; Probst v. Di Giovanni, 1954, 226 La. 625, 76 So.2d 909; Lacaze v. Hardee, La.App. 2d Cir., 1941, 7 So.2d 719; Simeon v. Board of Levee Com’rs of Orleans Levee Dist., 1929, 12 La.App. 21, 124 So. 853.
 The matter of the allowance and award of alimony pendente lite has been briefed as if that matter were before us on this appeal. The award was made by the trial court after a hearing on a rule for that purpose. It constitutes no part of the judgment appealed from. The appeal from the judgment rejecting plaintiff’s demands for a separation has not brought, to this court, the particular order relating to alimony rendered prior thereto on a special rule. A judgment awarding or refusing alimony is in itself appealable. The wife’s claim for alimony pendente lite is not, therefore, a matter over which the district court was divested of jurisdiction by the appeal. Gormley v. Gormley, 161 La. 121, 108 So. 307; State ex rel. Malady v. Judge of Seventh Dist. Court of New Orleans, 22 La.Ann. 264; Carroll v. Carroll, 48 La.Ann. 835, 19 So. 872.
The defendant contends, however, that plaintiff’s suit for a separation “a mensa et thoro” should be dismissed as moot. This contention is predicated on the fact that the defendant, in his own suit against the plaintiff herein, was awarded an absolute divorce. Cited in support of this contention are the cases of Randle v. Randle, 239 La. 646, 119 So.2d 495; Murphy v. Murphy, 229 La. 849, 87 So.2d 4; Thornton v. Floyd, 229 La. 237, 85 So.2d 499.
This position of the defendant is untenable and the authorities cited are inapplicable in that, in the action for a divorce, the defendant wife, plaintiff herein, suspensively appealed from the judgment granting a divorce, and that appeal is pending in this court. Hence, the contention is without merit.
On the merits of the case, we find no basis for disagreement with the learned and distinguished judge of the trial court. In summarizing the facts material to the merits of the case and, in reaching his conclusions, he stated:
“Plaintiff testified that she moved to 153914 Murphy Street in early in August, 1957, and while living there a woman or women kept calling for the defendant; plaintiff asked the defendant to have the women stop calling him; he told her to keep out of his business; then on August 26th, the same thing happened by a woman calling three times within a few moments, and when the defendant came home that evening, plaintiff again asked defendant to stop the women from calling. She says she ‘told him’ and shook her finger in his face in anger and defendant shoved her very hard ‘causing her to fall on the floor and receive laceration about her face in falling’; that the defendant told her- to leave, and she left him. Defendant denies all of this. There were no witnesses to the alleged act.
“After plaintiff left she wrote defendant two letters in one of which she asked defendant to come and talk to her and said: ‘If you will find a house, Linda and I will come.’ and concluded: ‘Well Lind it is up to you now if we start over. I am willing and able to forgive and forget. I want you and love you, so decide what you want to do.’
“In the first place the act of cruel treatment alleged as the basis of making living with defendant insupportable is insufficient on which to grant a decree of separation from bed and board. *474 Primeaux vs Comeaux, 139 La. 549 [71 So. 845]. Even if the thing happened as plaintiff said it did, nevertheless, her letter shows that she is still willing to live with the defendant, and if, at the time of the happening of the event, it was sufficient to cause plaintiff to leave her husband, her willingness to ‘forgive and forget’ disproves that living with him as his wife is insupportable.”
For the reasons assigned, the judgment rejecting plaintiff’s demands for a separation “a mensa et thoro” should be, and it is hereby, affirmed at plaintiff-appellant’s cost.
Affirmed.