HARWELL L. ALLEN, Judge ad hoc.
On December 24, 1957, judgment was rendered in the Civil District Court for the Parish of Orleans granting to Mrs. Helen K. Gallagher, wife of Edward J. Randle, a separation from bed and board. The judgment also granted the care and custody of the minor child, John Porter Randle, to ,Mrs. Randle, ordered Mr. Randle to pay alimony in the amount of $300.00 per month for the support of Mrs. Randle and the minor child, fixed the fee of Mrs. Randle’s attorney at $500.00 payable out of the community of acquets and gains and dismissed .the husband’s reconventional demand for a separation from bed and board. From this judgment, defendant, Edward J. Ran-dle, perfected a suspensive and devolutive appeal to the Supreme Court.
While the aforesaid appeal was pending, appellant filed suit in the Civil District Court for the Parish of Orleans for an absolute divorce on the ground that they had lived separate and apart for more than 2 years. A final judgment was rendered in this suit in favor of the husband on November 12, 1959, decreeing a divorce a vinculo matrimonii. No appeal was taken from this judgment.
Subsequently, appellant filed a motion in the Supreme Court praying that the suit for separation from bed and board be dismissed because the separation suit had become moot and had abated in view of the subsequent judgment of divorce. Appellee filed a motion praying that the appeal taken by her husband be dismissed on the ground that it had abated by the judgment of absolute divorce.
The Supreme Court denied both the appellant’s motion to dismiss the separation suit and the appellee’s motion to dismiss the appeal (Randle v. Randle, 239 La. 646, 119 So.2d 495) holding that:
“In the instant case, since the husband has been granted on statutory grounds an absolute divorce which completely severed the bonds of matrimony, his wife’s separation suit now pending on appeal in this court went out of legal existence, and therefore’ the issue of the correctness of the decree granting her a separation from-bed and board ■ has become moot.. Thornton v. Floyd, 229 La. 237, 85 So. 2d 499, and authorities there cited,-' see Murphy v. Murphy, 229 La. 849, 87 So.2d 4. It is to be observed, however, that the judgment appealed from' awarded to the wife for herself and the minor child alimony of $300 a month, and the alimony right thus acquired by the wife pursuant to this-judgment of separation from bed and *463 board remained in force until the rendition of the final decree of divorce and will be enforceable in the event we affirm the judgment awarding alimony. Thornton v. Floyd, supra. There is therefore still remaining before this court the correctness of the judgment of the lower court awarding alimony in this amount, and appellant is entitled to have the judgment appealed from reviewed to this extent.
“Since the issue of the correctness of the alimony award in the separation suit remains to be determined by this court on appeal, and possibly also the award of attorney’s fees, we cannot at this stage of the proceedings dismiss either the appeal or the separation suit in toto.”
The appeal originally taken to the Supreme Court was subsequently transferred to this court pursuant to the provisions of the Louisiana Constitution, Article 7, Section 30, as amended, and is now before the court for decision.
Appellant contends that under the judgment of the Supreme Court in this case and in view of the final judgment of divorce rendered between the parties, the only remaining issue is the correctness of the judgment in awarding appellee attorney’s fees in the amount of $500.00.
Appellee contends that the effect of the absolute divorce should be the dismissal of appellant’s appeal and the affirmation of the judgment of the trial court stating that this issue was not decided by the Supreme Court in its decision on the motions heard by it. We cannot agree with this conclusion. Although the Supreme Court held that when the absolute divorce was granted, the separation suit went out of legal existence and the issue of the correctness of the decree granting plaintiff-appel-lee a separation from bed and board became moot, it also stated that there were two issues remaining before the court which ap■pellant was entitled to have reviewed.
We have examined the entire transcript carefully and although plaintiff alleged that she was entitled to and prayed for an award of attorney’s fees in the amount of $500.00, it does not appear that she ever alleged or proved that she had paid or obligated herself to pay her counsel any amount nor was any evidence introduced to show the value of the services rendered by her attorney. This same point was decided in Murphy v. Murphy, Supreme Court, 229 La. 849, 87 So.2d 4, in which the Court held:
“We think, however, that there is merit in defendant’s claim that the trial judge erred in awarding plaintiff the amount of $250 as attorney’s fees. Although she alleged that she was entitled to attorney’s fees and prayed for judgment against the defendant therefor, she did not allege that she had paid counsel or obligated herself to pay in any amount, nor did she introduce any evidence to show the value of said services. Under the circumstances, the judgment granting attorney’s fees was unwarranted. Scacciaferro v. Hymel, 206 La. 973, 20 So.2d 284; Arnold v. Arnold, 186 La. 323, 172 So. 172.”
It therefore follows that the award of attorney’s fees in this case is not justified because there is no proof that the plaintiff-appellee had either paid counsel or obligated herself to pay him in any amount nor did she introduce any evidence to show the value of his services.
Appellant has not alleged 'any error on the part of the trial court either in the awarding of alimony pendente lite or the amount thereof. We have, however, examined the record and the award of $300.00 per month is deemed to be reasonable under the circumstances.
For the reasons assigned the judgment of the Civil District Court is amended by disallowing the attorney’s fees, fixed therein at the sum of $500.00, and, as thus amended, is affirmed.
Amended and as amended, affirmed.