HERGET, Judge
(dissenting).
Defendant, Trent Lane, appealed to this Court from an adverse judgment in favor of plaintiff, Elizabeth Lambert Lane, decreeing a separation “a mensa et thoro”; awarding to plaintiff the custody and control of the minor child, Mark Lane, subject to the right of reasonable visitation by defendant ; fixing alimony pendente lite at the sum of $100 per month for the support of Elizabeth Lambert Lane and $50 per month for the maintenance of the minor child; denying attorney’s fee requested by Plaintiff and ordering the costs of court to be borne equally by Plaintiff and Defendant.
The record reveals plaintiff instituted this suit seeking a judgment of separation from her husband on September 4, 1962 on various alleged acts of intense physical and mental cruelty; and a supplemental and amending petition was thereafter filed by her emphasizing particular acts of cruelty upon which she relied for a judgment of separation.
Defendant answered, denying the acts of cruelty and by way of reconventional demand prayed for judgment of separation from his wife for the alleged act of abandonment by Plaintiff, Defendant in recon-vention, and enumerated acts of alleged cruelty by her and sought the custody of the minor son, Mark Lane.
Following a lengthy trial — the record in the case consisting of two volumes of 239 and 495 pages respectively — wherein the litigants themselves and through other witnesses related factual evidence to prove their respective allegations, the learned Trial Judge, who displayed the patience of Job, for oral reasons assigned but dictated in the record, concluded both parties were guilty of acts of cruelty toward the other. However, recognizing the rule in Louisiana to be equal fault operates as a bar to relief being given either party and, further, the application of this rule being predicated upon the finding of fact the degree of guilt of the parties has been equal, the Court concluded with apparent reluctance and difficulty, the fault of the husband to be of a greater degree than that of the wife, and, accordingly, granted a judgment “a mensa et thoro” in favor of the wife.
The evidence reflects that some years prior to the present suit a judgment of separation from bed and board had been decreed between these parties and a community property settlement entered into. Subsequent thereto, however, they resumed their marriage but did not re-establish the community of acquets and gains.
In Eals v. Swan, 221 La. 329, 59 So.2d 409, the Supreme Court said:
“In Snell v. Aucoin, 158 La. 767, 776, 104 So. 709, 712, we find:
“ ‘We have read the record carefully, and from a consideration of all of the testimony offered in the case we have reached the deliberate conclusion that the plaintiff and defendant are each chargeable with acts of omission and commission towards each other, of mutual wrongs of a like character and proportional degree.
“ ‘ “The law which provides for a separation from bed and board in certain cases is made for the relief of the oppressed party, not for interfering in quarrels where both par *687 ties commit reciprocal excesses and outrages.” Trowbridge v. Carlin, 12 La.Ann. 882; De Lalande v. Jose [Jore], 5 La.Ann. [32] 33; Naulet v. Dubois, 6 La.Ann. 403; Castanedo v. Fortier, 34 La.Ann. 135; Amy v. Berard, 49 La.Ann. 897, 22 So. 48; Durand v. Her Husband, 4 Mart., O.S., 174.
“ 'Where the spouses are guilty of mutual wrongs towards each other of the same character and so proportional that it is difficult to ascertain which party is mainly at fault, the courts will not interfere or grant relief to either. Werner v. Kelly, 9 La.Ann. 60; Thomas v. Tilleu [Tailleu], 13 La.Ann. 127; Dillon v. Dillon, 32 La.Ann. 643; Machado v. Bonet, 39 La.Ann. 475, 2 So. 49; Duhon v. Duhon, 110 La. [240] 242, 34 So. 428; Ducros v. Ducros, 156 La. [1033] 1034, 101 So. 4077 ”
The wisdom of refusing to judicially interfere or grant court relief to cither party where the spouses are guilty of mutual wrongs of the same character and to the same proportionate degree toward each other is made evident by this voluminous record.
Both of these parties possess a high intellectual quotient, and, equally, both are given to uncontrolled displays of emotion, in consequence of which the alleged acts of cruelty resulted. Inasmuch as for the reasons hereinafter assigned I have concluded the judgment of the Family Court granting a separation from bed and board should be reversed, no useful purpose could be served by maldng public the facts giving rise to the charges of cruelty made by each of the parties.
To the shame of both parties — though this marriage was blessed with four fine children, all possessed of high intellectual quotients — each parent was guilty of selfishly using the children as pawns to emotionally aggravate and disturb the other. Because of the constant bickering and outrages toward each other-their children were made innocent victims. However, despite such unsavory family relationship, to the everlasting credit of these children, it appears from the record they withstood the emotional strain, and three of them, now grown, have weathered this unfortunate condition by leading normal, full lives. They are apparently devoted to each parent alike and are unwilling to take sides in the marital disputes between their father and mother. Only one of the children is still a minor. In their respective efforts to hurt the other, it is difficult to appraise the suffering each of the parties to this marriage caused these children.
From my reading of the entire record in this case, though on many occasions each of the parties was shown to be guilty of cruelty toward the other resulting from their selfish, uncontrolled emotional actions, it is apparent, despite such facts, there is now and has always been a degree of admiration and respect for the other. For this relationship to have remained steadfast through the years of turbulence of this marriage sufficient to reveal to one reading the record the mutual respect and admiration that existed between them, should, with equal thought, somehow bring these litigants to a calm, sober, reconsideration of each other and a re-assessment and correction of the faults each has been guilty of.
Where, as in this case, each party has been guilty of acts of cruelty toward the other and have committed reciprocal excesses and outrages, I am firmly of the opinion each being guilty of acts of omission and commission towards each other, of mutual wrongs of a like character and proportional degree, neither is entitled to the relief which he seeks. Fortunately, I find the actions which caused these parties to separate basically resulted from their failure to control their emotions. Allegations of facts of a serious nature made by each party which could, if proven, give right to a judgment of separation to the successful party were eliminated from consideration when, upon the trial of the case, no evi *688 dence was offered in support thereof and same were retracted.
With the admonition, a good definition of a happy home is one wherein the husband brings home the bacon and the wife cooks it, I am of the opinion these parties should resume their marital realtions, re-establish the community of acquets and gains, and together, while fortunately there remains time to do so, give to these children the happy home life they so rightly deserve.
For these reasons I am of the opinion the judgment of the Family Court should be reversed and judgment rendered rejecting the demands of the parties, dismissing Plaintiff’s suit at her cost and Defendant’s reconventional demand at his cost.
I respectfully dissent.