169 So.2d 224 (1964)
Edward J. RANDLE
v.
Helen GALLAGHER, His Wife.
No. 1572.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1964.
*225 Cahn & Provensal, Sidney W. Provensal, Jr., New Orleans, for plaintiff-appellant.
Charles G. Merritt, New Orleans, for defendant-appellee.
Before REGAN, CHASEZ and HALL, JJ.
REGAN, Judge.
Plaintiff, Helen Gallagher, instituted this suit against the defendant, Edward J. Randle, her former husband, endeavoring to recover the sum of $250.00 per month as alimony for herself and the same amount for the support of her minor child, John Randle, and also for the permanent care, custody, and control of the child.[1]
The defendant predicated his answer upon a denial that the plaintiff was in necessitous circumstances and requested that her demands be dismissed.
He subsequently consented to have the question of alimony and child support tried by the court in a summary manner upon a rule to show cause, and two separate judgments were rendered granting petitioner $240.00 per month for the support of the child, as well as $60.00 per month for her own support.
From the foregoing judgments the defendant has prosecuted this appeal.
The record reveals that on October 9, 1957, plaintiff filed suit for separation against the defendant, based upon allegations of cruel treatment. On December 18, 1957, judgment was rendered against the defendant, granting the plaintiff a separation a mensa et thoro, and awarding her alimony and child support in the amount of $300.00 per month. This judgment was appealed by the defendant to the Supreme Court of Louisiana. While this appeal was pending, defendant obtained a divorce of vinculo matrimonii, predicated upon a two year separation. No appeal was taken therefrom, and thus the judgment became final. Consequently, defendant moved that the suit for separation, then pending before the Supreme Court, be dismissed on the ground that it had become moot as a result of the rendition of the final judgment of divorce. In response, plaintiff moved that only the defendant's appeal be dismissed as moot.
The Supreme Court[2] denied both motions and in doing so reasoned as follows:
"In the instant case, since the husband has been granted on statutory *226 grounds an absolute divorce which completely severed the bonds of matrimony, his wife's separation suit now pending on appeal in this court went out of legal existence, and therefore the issue of the correctness of the decree granting her a separation from bed and board has become moot. Thornton v. Floyd, 229 La. 237, 85 So.2d 499, and authorities there cited; see Murphy v. Murphy, 229 La. 849, 87 So.2d 4. It is to be observed, however, that the judgment appealed from awarded to the wife for herself and the minor child alimony of $300 a month, and the alimony right thus acquired by the wife pursuant to this judgment of separation from bed and board remained in force until the rendition of the final decree of divorce and will be enforceable in the event we affirm the judgment awarding alimony. Thornton v. Floyd, supra. There is therefore still remaining before this court the correctness of the judgment of the lower court awarding alimony in this amount, and appellant is entitled to have the judgment appealed from reviewed to this extent.
"Since the issue of the correctness of the alimony award in the separation suit remains to be determined by this court on appeal, and possibly also the award of attorney's fees, we cannot at this stage of the proceedings dismiss either the appeal or the separation suit in toto."
The Supreme Court then transferred the case to this court, in accordance with the provisions of Art. 7, Sec. 30 of the LSA-Constitution of 1921, as amended, for a determination of the correctness of the alimony award and the award of attorney's fees to the plaintiff. This court upheld the alimony award, but overruled that portion of the judgment granting attorney's fees, for the reason that the record contained no proof that the plaintiff had paid or obligated herself to pay therefor.[3]
This suit was instituted by the plaintiff to establish permanent alimony after divorce in conformity with the rationale of LSA-Civil Code Art. 160, which provides that a wife who has not been at fault may be granted alimony out of the property and earnings of her husband, when the husband obtains a divorce based upon the fact that they have lived separate and apart for a specified period of time.
The defendant endeavored to inject the element of fault into this proceeding in an effort to foil his wife's claim. The lower court, however, refused to allow him to relitigate the question of fault, on the hypothesis that the prior judgment granting a separation a mensa et thoro to the plaintiff on the ground of defendant's cruelty was res judicata and precluded further litigation of the subject.
Hence, the defendant specifies as a reversible error the lower court's refusal to relitigate the subject of his wife's fault, and also insists that the court reasoned incorrectly in granting plaintiff permanent alimony for herself, and in awarding an excesive amount of support for their minor child.
After reading and digesting the above quoted portion of the opinion of the Supreme Court relative to the motions to dismiss filed by both parties to this suit, it is clear that the entire separation proceeding was rendered moot by virtue of the final judgment of divorce which defendant obtained. Under such circumstances, it would be quite incongruous to declare an entire suit moot and yet give res judicata effect to a district court judgment in the moot proceeding. If the entire separation suit is moot, any judgment of separation rendered therein could have no effect on the parties thereto. Therefore, we are of the opinion that the prior judgment of the district court *227 had no effect on the present suit insofar as the subject of fault is concerned.[4]
In view of the above conclusion, it is obvious that the lower court erred in awarding plaintiff alimony in conformity with LSA-Civil Code Art. 160. Such an award can only be made in this case after a hearing involving an answer to the question of the existence vel non of fault on the part of the plaintiff.
Finally, defendant concedes that he is obligated to provide support for his minor son, but insists that the amount awarded therefor by the lower court is excessive. An analysis of the testimony adduced below concerning the defendant's ability to respond to the award reveals that for income tax purposes he reported a taxable net income of $6,079.57. This amount was obtained by deducting from his gross income depreciation on a farm he owns in Indiana in the sum of $6,066.52. We feel sure that depreciation was legitimately claimed for income tax purposes; however, it is not an out-of-pocket expense requiring a cash out-lay by the defendant. Thus, when we eliminate the deduction for depreciation, it becomes clear that the defendant enjoys an income of approximately $12,146.09 per year.[5] In view thereof, we are of the opinion that the award for the support of his child in the amount of $240.00 per month is not excessive.
For the foregoing reasons, the judgment of the lower court awarding plaintiff $60.00 per month alimony is reversed, and the case is remanded for a hearing involving the subject of the plaintiff's fault.
The judgment of the lower court awarding plaintiff $240.00 per month for the support of the minor child, John Randle, is hereby affirmed.
All costs are to await a final determination of this proceeding.
Reversed in part and remanded; and affirmed in part.
NOTES
[1] Petitioner also prayed for a partition of all property which formerly belonged to the community of acquets and gains existing between her and the defendant. This part of the suit has never been tried and is not presently before this court. Plaintiff's claim for custody of the minor child is in the same posture.
[2] Randle v. Randle, 239 La. 646, 119 So.2d 495.
[3] Randle v. Randle, La.App., 144 So.2d 461.
[4] Since the question to be resolved in this case is controlled by a Supreme Court opinion previously rendered between the same parties, this court cannot concern itself with the broader question of what effect a determination of fault in a proceeding for separation a mensa et thoro shall have upon a later proceeding by the wife for alimony after divorce under LSA-Civil Code Art. 160. However, the court feels compelled to point out that under Art. 160 the wife must be free from fault, whereas, for example, a suit for separation may be determined in conformity with the doctrine of comparative rectitude. In such a situation a wife may be awarded a judgment of separation and still be guilty of fault. See Van Horn v. Arantes, 116 La. 130, 40 So. 592; Dillon v. Dillon, 32 La. Ann. 643; Machado v. Bonet, 39 La.Ann. 475, 2 So. 49; Duckworth v. Duckworth, 179 La. 777, 155 So. 21.
[5] The lower court also considered a dividend allowance, payment of back rent, and gifts to reach a "cash flow" for 1963 of $14,247.09.