YARRUT, Judge.
This is an appeal by the husband from an alimony award to his divorced wife and their two minor children, whose custody was awarded to the wife-mother.
The alimony award was after final divorce, under LSA-R.C.C. art. 160, for $70.-00 per week, of which $35.00 was for the wife and $17.50 for each of the two chiL dren (ages 4J4 and 6), or a monthly alimony for all of $280.00, plus reasonable medical and dental expenses for the children, and to maintain their educational policies.
The husband contends his divorced wife did not support her and the children’s needs with documentary or other corroborating evidence. The wife’s testimony was prima facie proof in the absence of contradictory evidence by the husband. The amount fixed by the district court is reasonable and in conformity with the jurisprudence. Carriere v. Carriere, La.App., 147 So.2d 668; Lucas v. Lucas, La.App., 157 So.2d 615; Randle v. Randle, La.App., 144 So.2d 461.
The items of $40.00 and $24.39 monthly payments on loans to pay his alimony, living and auto expenses, are not allowable. He must pay his own living expenses from his portion of salary; and the federal government allows him mileage for the use of his automobile, which was $850.00 last year.
The only question is whether the alimony of $70.00 per week exceeds the husband’s ability to pay, based upon his income.
The husband is employed by the Federal Housing Administration as a real estate appraiser, with a monthly gross salary of $703.00, and a per-mile allowance of nine cents when traveling in the course of his employment. In addition, he gets free rent of $100.00 per month from his mother for managing her real estate. Thus he has a total monthly income of $810.00 as properly estimated by the district judge in his conclusion.
The district judge then deducted federal and state income taxes, expenditures for health and accident insurance, etc. for the children, or a total of $115.88, leaving a net monthly income of $694.12, the net income on which the alimony and child support should be predicated.
The district judge in his analysis allowed the husband credit for $250.00 for his per *92 sonal living- expenses, and reached the final total of $440.00 as the husband’s monthly-income.
The federal and state income taxes ($47.97) allowed as a deduction is not proper. A married man does not have to pay income tax on the alimony he pays under judgment of court. Roberts v. Roberts, La.App., 145 So.2d 669.
The allowance of $250.00 as a deduction from the monthly income is improper. The amount is made up of items such as food, $75.00; clothing, $10.00; transportation, including payment of the promissory note on his automobile, as well as gas and other operating expenses, $106.-00; insurance, $19.70; medical expenses, $10.00; dues to Temple Sinai, $5.00; and for personal items and cigarettes, $25.00.
The only items allowable as deductions from his salary should be what it costs the husband to earn his monthly salary. Any expense of living, doctors, etc. must be paid from his monthly earnings retained by him; otherwise, his indulging in unnecessary and expensive habits might deprive his divorced wife and two children of adequate support. The travel-ling item allowed him by the federal government last year, in addition to his salary, was $850.00.
Therefore, adding back the income tax and the husband’s personal living expenses, the alimony should be based on a net monthly income of $742.09, of which one-third, or $247.36, would ordinarily be allowable to the wife alone under LSA-R.C.C. art. 160, and certainly $75.00 per month should be allowed for the two children, making a total of $306.00. Hence, the district judge’s allowance of a total of $70.00 per week, or $280.00 plus per month, based upon 41/3 weeks, plus the medical, dental and educational expenses of the children, is not excessive, especially since the wife alone is responsible for the care and supervision of the children, which is constant.
The judgment of the district court is affirmed; Appellant-husband to pay all taxable costs in both courts.
Judgment affirmed.