McBRIDE, Judge.
On October 28, 1964, the wife filed a petition herein seeking a separation from bed and board on the ground of cruelty. Then after a rule for alimony had been adjudicated and the husband had filed answer to the suit wherein he in turn reconvened for a separation from bed and board, the wife filed (March 26, 1965) a supplemental petition denominated “Supplemental Petition *545 to Take Inventory”. In this supplemental petition she prayed that the community of acquets and gains be dissolved and that a partition of the effects thereof be made and that a notary public be appointed to make an inventory and appraisal of all property belonging to the community. The order for the inventory was issued but the record does not reveal that an inventory has been made.
On October 6, 1965, before trial of the instant reciprocal demands for separation from bed and board, the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, in chancery, issued a final decree of divorce to the wife, which judgment fixed a lump-sum amount of alimony and cast the husband for the fee of the wife’s attorney. The divorce proceedings in the Florida jurisdiction had been instituted by the husband, who, during June, 1965, had established a Florida domicile; the wife journeyed to Florida and filed her answer to the husband’s suit which was in due course fixed for trial. At the conclusion of the trial the Florida judge announced he was convinced there was no hope for a reconciliation between the parties and that the marriage should be terminated by a divorce, which he intended to render in favor of the wife as she was the aggrieved party. At the suggestion of the judge the wife amended her pleadings and prayed for the divorce In her favor and judgment was accordingly rendered.
On October 19, 1965, the husband filed a rule against the wife in the instant proceedings to show cause why the Florida judgment of divorce, a duly certified copy of which he presented to the court, should not be given full faith and credit under the Constitution of the United States, and why the instant proceedings for separation from bed and board should not be held to be abated and consequently dismissed.
The rule, after trial, was made absolute by the district judge who decreed the Florida divorce to be a valid judgment dissolving the bonds of matrimony heretofore existing between the parties; the instant proceedings, held to be abated, were dismissed.
The wife appealed from that portion of the judgment which dismissed her suit in toto; she concedes that her demand for a separation from bed and board is abated by the Florida judgment, but she contends that her demand for a partition of the effects of the community is unaffected by the decree of divorce and that she should be permitted to prosecute her said demand.
The law is well settled that a judgment of divorce being final, conclusive and determinative of the rights of all parties, abates and renders ineffective a suit for separation from bed and board or a judgment of separation and all incidents flowing therefrom including the fixing of alimony for the wife and children and custody of the children, but excluding the wife’s right to enforce payment of alimony due prior to the divorce. Thornton v. Floyd, 229 La. 237, 85 So.2d 499; Sampognaro v. Sampognaro, 213 La. 814, 35 So.2d 742; Cotton v. Wright, 193 La. 520, 190 So. 665; Smith v. Smith, La.App., 179 So.2d 433; Shapiro v. Shapiro, La.App., 131 So.2d 303; McLin v. McLin, La.App., 130 So.2d 748.
In Murphy v. Murphy, 229 La. 849, 87 So.2d 4, the Supreme Court said:
“Counsel’s argument that when the wife was granted an absolute divorce on the ground that she had been living separate and apart from her husband for more than two years, her suit against him for separation from bed and board necessarily went out of existence, is correct”.
Counsel for appellant argues that the wife had the right to bring the demand for the partition as an incident to her action for the judgment of separation from bed and board, or by a separate suit. He contends that in either event she would have the right to proceed with her demand when, if and as the community of acquets and gains was dissolved and there is no abatement of the de *546 mand. He cites C.C.P. art. 82 which, in part, reads:
“ * * * an action to partition community property shall be brought either as an incident of the action which would result in a dissolution of the community, or as a separate action in the parish where the judgment dissolving the community was rendered”.
According to our interpretation of the language used in the article “ * * * an action to partition community property shall be brought * * * as an incident of the action which would result in a dissolution of the community” a demand for the partition may be prosecuted if a dissolution of the community is decreed in the same suit in which the demand is pleaded. The dissolution of the community between these parties did not arise from any judgment in the instant suit, hence the demand therein for the partition must fall as would all other issues in the separation suit.
The judgment appealed from is affirmed.
Affirmed.