357 So.2d 93 (1978)
Newell H. SMITH, Jr.
v.
Marilyn Chisholm Smith, w/o N. H. SMITH, Jr.
No. 9101.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1978.
Rehearing Denied April 11, 1978.
Jacob J. Amato, Jr., Gretna, for Newell H. Smith, Jr., plaintiff-appellee.
George O'Dowd, New Orleans, for Marilyn C. Smith, defendant-appellant.
*94 Before BOUTALL, SCHOTT and GARSAUD, JJ.
BOUTALL, Judge.
Newell H. Smith, Jr. brought suit against his wife for a divorce based on living separate for two years, R.S. 9:301. From a judgment awarding him a divorce and declaring mutual fault, Mrs. Smith appeals raising these issues: 1.) That the judgment is a nullity because of improper venue, C.C.P. Art. 3941; 2.) that she had received a judgment of separation in her favor in another suit, and that the provisions of R.S. 9:302 preclude her husband from suing under R.S. 9:301; 3.) that the trial court erred in finding her at fault.
As to venue, C.C.P. Art. 3941 provides that the divorce suit may be brought in a parish where either party is domiciled. The evidence is clear, and the appellant admits, that at the time of filing suit she was domiciled in Jefferson Parish. Accordingly, the 24th Judicial District Court for the Parish of Jefferson was a court of proper venue.
Appellant further contends that this suit could not be maintained in Jefferson Parish because she had previously sued for a separation in Plaquemines Parish and had been awarded a judgment of separation by the 25th Judicial District Court for that Parish. Accordingly she contends that the provisions of R.S. 9:302 (prior to its 1977 amendment) governed the obtaining of a divorce to the exclusion of R.S. 9:301. The judgment of separation was based upon living separate and apart for one year, LCC Art. 138(9). We cannot agree with this contention. Our codal and statutory scheme sets out precisely the grounds for which a separation may be obtained and the grounds for which a divorce may be obtained. It is apparent that the separation suit and the divorce suit are not based upon the same cause of action and do not have the same object. In the separation suit, the cause of action arises as a result of one year continuous living separate and apart, whereas the divorce action is based upon a two year period. The ground for divorce provided in R.S. 9:302 does not simply extend the one year separation period to a two year separation, the ground there required is no reconciliation for a period of one year or more from the date the judgment of separation was signed. We note that the judgment of separation was signed on August 31, 1976, the starting period for the year to lapse before divorce, and that this divorce suit was brought on January 20, 1977, seven months before a cause of action for divorce could arise in that case. We perceive no difference between the two causes of action in this case and the two causes of action in the case of Smith v. Smith, 179 So.2d 433 (La.App. 3rd Cir. 1965). See also Call v. Call, 274 So.2d 795 (La.App. 4th Cir. 1973); Waters v. Waters, 264 So.2d 275 (La.App. 4th Cir. 1972); Morris v. Morris, 336 So.2d 254 (La.App. 1st Cir. 1976). Appellants' separation proceeding in Plaquemines Parish with the prospect of a possible future divorce proceeding, did not constitute a bar to the filing of the appellee's divorce in Jefferson Parish.
The last issue is the determination of fault on appellant. The issue of fault came about in the trial court by virtue of Mrs. Smith filing a reconventional demand for a divorce, alleging that her husband was at fault for the separation and that she was free from fault. To this the husband merely answered with a denial of the allegations. Fault had not previously been litigated in the Plaquemines separation which was based on one year voluntary separation. To appellant's contention that the admissibility of evidence of fault was error, we answer that a wife requesting permanent alimony has the burden of proving she is free from fault. C.C. Article 160. The appellee's answer of denial to the wife's allegations of freedom from fault in the reconventional demand put fault at issue. It was unnecessary for appellee to plead specific allegations of appellant's fault. See for comparison Chapman v. Chapman, 130 So.2d 811 (La.App. 3rd Cir. 1961), decided under the principles existing before adoption of our present Code of Civil Procedure. The case of Carter v. Carter, 316 So.2d 829 (La.App. *95 1st Cir. 1975) does not stand for the proposition that the husband is required to affirmatively answer to the wife's reconventional demand. It raises the question of fairness and consideration of effect of the evidence presented in the discharge of her burden of proof.
The facts in our case are quite different. In reviewing the trial judge's finding of fact, we note that his finding of mutual fault was based in large part upon the testimony given by the appellant herself. Our review of those facts discloses no error in the trial judge's determination that Mrs. Smith was not free from fault, and we affirm his denial of alimony.
The judgment appealed is affirmed at appellant's cost.
AFFIRMED.