408 So.2d 952 (1981)
Doris H. JORDAN, Plaintiff-Appellant,
v.
Thomas E. JORDAN, Defendant-Appellee.
No. 14721.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1981.
*953 Burnett, Sutton, Walker & Calloway by Bobby D. Sutton and Glenn E. Walker, Shreveport, for plaintiff-appellant.
Sockrider & Bolin by H. F. Sockrider, Jr., Shreveport, for defendant-appellee.
Before PRICE, HALL and JASPER E. JONES, JJ.
PRICE, Judge.
Doris H. Jordan has appealed from the judgment awarding her husband, Thomas E. Jordan, a divorce under La.R.S. 9:301 (one year living separate and apart.) Her complaint is directed at the refusal of the trial court to consider any evidence relating to absence of fault on her part to entitle her to permanent alimony.
The question presented arises out of the following circumstances. On October 22, 1980, the plaintiff-wife, on allegations of abandonment, filed suit for separation, dissolution of the community, alimony pendente lite, and attorney fees. She also filed a rule for and was granted pendente lite alimony in the amount of $1,700 per month retroactive to February 1, 1981. The defendant-husband reconvened for divorce based on one year's living separate and apart. The following allegations in the husband's reconventional demand pertinent to this litigation are as follows:
10
Plaintiff-in-Reconvention shows that the Defendant-in-Reconvention DORIS LU HOFIUS KYLE JORDAN, was not free of legal fault in the causes giving rise to their separation and this divorce. He therefore shows that she is not entitled to alimony herein.
* * * * * *
WHEREFORE, defendant in the main demand and Plaintiff-in-Reconvention in the Reconventional Demand, THOMAS EARL JORDAN, JR., respectfully prays that:
* * * * * *
(4) After all legal delays and due proceedings had herein there be judgment herein as follows:
(b) On the Reconventional Demand herein by THOMAS EARL JORDAN, JR., as follows:
(3) Decreeing DORIS LU HOFIUS KYLE JORDAN not to have been free of legal fault herein and therefore rejecting her demands for permanent alimony.
The wife answered the reconventional demand with a pleading styled "Answer to Reconventional Demand," in which she specifically denied the allegations of Article 10 of the husband's reconventional demand as shown above. She further pled in her answer to the reconventional demand as follows:
14
Further answering, defendant-in-reconvention shows that, in the event a judgment of divorce is rendered herein, then *954 in that event, defendant-in-reconvention is entitled to and desires judgment against plaintiff-in-reconvention for permanent alimony for her own support in the sum of TWO THOUSAND AND NO/100 ($2,000.00) DOLLARS per month.
WHEREFORE DEFENDANT-IN-RECONVENTION, DORIS H. JORDAN, PRAYS that the demands of the plaintiff-in-reconvention, Thomas E. Jordan, be rejected at his costs.
FURTHER PRAYS that in the event a divorce is rendered herein that defendant-in-reconvention is entitled to and desires judgment against plaintiff-in-reconvention, for permanent alimony for her own support in the sum of TWO THOUSAND AND NO/100 ($2,000.00) DOLLARS per month.
A copy of this pleading was mailed to the husband's counsel of record. No other type of service was effected either on the attorney or the husband.
At the time the case was called for trial of the merits on March 31, 1981, the husband contended that his reconventional demand for divorce took precedence over the wife's demand for a separation. The trial court agreed and proceeded to trial on the divorce action. The husband objected to the wife's attempt to introduce evidence relating to the issues of fault and permanent alimony for two reasons: (1) her answer to the reconventional demand failed to state a cause of action for permanent alimony as she did not allege she was free from fault; and (2) if a cause of action was stated, it was not properly served upon him in accordance with La.C.C.P. Art. 1063 and 1314.
In response to these objections by the husband's counsel, the wife's attorney requested a continuance for the purpose of amending her pleadings. This was denied by the trial judge and application for writs to this court was then taken. The writ was denied for the following reasons:
Although it appears that the trial judge erred in refusing to admit evidence relating to fault for purposes of establishing entitlement to alimony in later proceeding, applicant has adequate remedy either by appeal or by summary proceeding for alimony in district court.
In his ruling on the objections, the trial judge concluded that the wife's demand for permanent alimony in her answer to the husband's reconventional demand was in effect a reconventional demand of her own. He further concluded there had not been proper service of such a demand, and since the husband appeared in court solely to present evidence on this request for a divorce, he had not waived his right to be properly served with process insofar as the wife's demands for alimony are concerned. The court excluded all other evidence except that supporting the husband's demand for a divorce.
On this appeal the appellant contends the trial judge erred in not receiving evidence on her right to permanent alimony. She alleges that the issue of her freedom from fault and entitlement to permanent alimony was properly joined by her denial of appellee's allegation of her lack of freedom of fault in the reconventional demand, and by her demand for permanent alimony in her answer. She further contends that appellee's appearance in court and his oral argument that she had not sufficiently pled a cause of action for permanent alimony constitute a waiver of service of process of the disputed pleadings.
The primary issue is whether appellant's answer constituted a reconventional demand for permanent alimony. Normally, fault is not an issue in an action for divorce under La.R.S. 9:301 unless one spouse specifically requests permanent alimony. LeBlanc v. LeBlanc, 362 So.2d 568 (La.1978); Brady v. Brady, 388 So.2d 57 (La.App. 1st Cir. 1980). La.C.C. Art. 160 mandates that a spouse must prove himself free from fault before receiving an award for permanent alimony. See also Brannon v. Brannon, 362 So.2d 1164 (La.App. 2d Cir. 1978). Instead of alleging her freedom from fault in her answer, appellant denied appellee's allegation that she was not free from fault. Appellant's contention that *955 this was insufficient to raise the issue of fault is best answered by analogy to the case of Smith v. Smith, 357 So.2d 93 (La. App. 4th Cir. 1978). There the wife filed a reconventional demand for divorce and alleged her freedom from fault. The husband answered with a general denial and failed to plead specific allegations of her fault. The court held that the husband's answer denying the wife's allegations of freedom of fault in the reconventional demand put fault at issue and that it was unnecessary for him to plead specific allegations of her fault. (Further, to require appellee in the instant case to specifically allege her freedom from fault would have required an answer by appellee denying this. This would result in replicatory pleading, which is prohibited by La.C.C.P. Art. 852. See also Verret v. Norwood, 311 So.2d 86 (La.App. 3d Cir. 1975).)
Appellee contends that appellant's answer cannot be considered a reconventional demand because it violated the requirements of La.C.C.P. Art. 1032 that a pleading containing both an answer and a reconventional demand shall be captioned as to "indicate appropriately the dual character of the combined pleading." La.C.C.P. Art. 865 provides "every pleading shall be construed as to do substantial justice." The jurisprudence holds that courts may overlook miscaptioning of a pleading where the other party is not prejudiced. Broday v. Broday, 360 So.2d 645 (La.App. 3d Cir. 1978). Higdon v. Higdon, 385 So.2d 396 (La.App. 1st Cir. 1980). In the instant case it is obvious that appellee was not prejudiced by the miscaptioned pleading. It clearly set forth appellant's demand for permanent alimony. A letter from appellee's counsel to counsel for appellant requesting an answer to his reconventional demand expressed an assumption that appellant would be reconvening for permanent alimony. Pretrial discovery contained interrogatories showing fault and alimony would probably be an issue in the proceeding. We therefore find that appellant's responsive pleadings to appellee's reconventional demand for divorce placed at issue her entitlement to and request for permanent alimony and are in effect a reconventional demand.
The trial court was correct in its finding that there had not been proper service of this demand on appellee. La.C.C.P. Art. 1063 requires that service of a reconventional demand be made according to La. C.C.P. Art. 1314, which provides for service to be made by the sheriff. Since a copy of appellant's reconventional demand was mailed to appellee's counsel and no other type of service was effected, there has been no compliance with the above codal provisions.
The trial court was also correct in holding that appellee's reconventional demand for a divorce took precedence over appellant's initial suit for a separation.
The trial court abused its discretion, however, in refusing appellant the requested continuance that would have resulted in resolution of the crucial fault issue for permanent alimony purposes with resolution of the merits of the divorce action. See La.C. C.P. Art. 1601. The denial of the continuance also substantially prejudices the appellant because pendente lite alimony will terminate if a divorce judgment is rendered and any claim for permanent alimony thereafter would have to be asserted by ordinary process in a new action. See Bruner v. Bruner, 373 So.2d 971 (La.App. 2d Cir. 1979) and Rayborn v. Rayborn, 246 So.2d 400 (La.App. 1st Cir. 1971).
In the interest of judicial efficiency and economy, trial courts should encourage litigants to seek determination of the permanent alimony fault issue when the merits of the separation or divorce are being determined and preferably before the divorce is rendered. See Thomason v. Thomason, 355 So.2d 908 (La.1978) and Smith v. Smith, 357 So.2d 93 (La.App. 4th Cir. 1978).
While permanent alimony is based on different considerations than pendente lite alimony, the policy of the provisions for alimony should encourage courts to seek, where the circumstances warrant, continuity of the pendente lite award through the time that the issue of permanent alimony is finally *956 decided. The circumstances of this case warrant such a result.
For the foregoing reasons, the judgment appealed is ordered vacated and set aside, and the case is remanded to the district court for further proceedings consistent with the views expressed herein and in accordance with law.
Costs of this appeal are assessed to appellee. Taxation of all other costs is to await final determination.