442 So.2d 1271 (1983)
Mary Page Moran, wife of Martin B. FLAMM
v.
Martin B. FLAMM.
No. CA 0651.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1983.
Rehearing Denied January 25, 1984.
Writ Denied March 16, 1984.
*1272 Robert J. Fineran, New Orleans, for plaintiff-appellee.
Robert C. Lowe and Terence L. Hauver, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, for defendant-appellant.
Before BARRY and WARD, JJ., and REMY CHIASSON, J. Pro Tem.
REMY CHIASSON, Judge Pro Tem.
Martin B. Flamm, husband-appellant, appeals the judgment of the district court granting unto the wife, Mary Page Moran, a divorce and finding her "to be free from fault". No alimony, child support, custody, or other collateral issues were included in the judgment presently before us.[1] From that judgment, which we affirm, the husband appeals.
On November 9, 1978, the wife filed a petition for separation on the grounds of mental cruelty. The husband answered the petition and reconvened for a separation in his favor on the grounds of cruel treatment. The wife then amended her petition to allege further grounds for the separation and finally supplemented her petition to seek a divorce on the grounds of living separate and apart for more than one (1) year under La.R.S. 9:301. The answer of the husband to the supplemental petition was a simple general denial. After a hearing, judgment was rendered by the trial court on August 2, 1982.
On appeal, the husband argues the trial judge erred in ruling directly on the divorce action, alleging that the June 17th hearing should have been a hearing solely on the petitions for separation.
In Jordan v. Jordan, 408 So.2d 952, 955 (App. 2d, 1981) our brethren on the Second Circuit found a demand for divorce took precedence over the initial suit for separation. In Jordan, the wife filed initially for a separation on the grounds of abandonment. The husband then reconvened seeking a divorce under La.R.S. 9:301, living separate and apart for one year. The court found that the trial judge acted properly in pretermitting the separation action.
Appellant argues that the judge's action in pretermitting the separation action constitutes an unconstitutional deprivation of property on the theory that if a judgment of separation had been granted, the division of community property would be retroactive to November 9, 1978, whereas upon only a divorce judgment, the community terminates as of the date of the filing of the supplemental petition for divorce, January 7, 1982.
The judgment presently before this court deals only with the grant of divorce and the *1273 question of fault. The judgment does not contain any awards of alimony or child support, grant custody or award amounts pursuant to a partition of community property. Defendant's argument would be more properly addressed when the issue of community property is before this court. As the issue of the date of termination of the community property is not now properly before this court, we will not address this issue any further.
In the instant case both parties admitted to all elements of an R.S. 9:301 divorce in their testimony. Under Brady v. Brady, 388 So.2d 57 (App. 1st, 1980), the trial judge was clearly required to grant an R.S. 9:301 divorce to the sole party who requested it, in this case the wife.
Because the issue of alimony was present, the trial court correctly held a hearing upon the "freedom of fault" of the wife in the separation. Turning to the substantive assessment of the trial court's fault determination, the trial judge found that the husband was involved in a consistent and calculated campaign to make his wife believe she was of unsound mind. On her part, she was diagnosed an acute paranoid schizophrenic in 1976 and was treated at Coliseum House where she voluntarily committed herself and from which she was later released. More specifically, the trial judge rendered the following oral reasons for judgment:
"The court is very much impressed with the educational background of Dr. Flamm, especially with his total record and the fact that he has been going to law school and, as I understand, is a senior in law school, but is not at all impressed with the testimony. It seems to be calculated and cruel.
"The Court is more impressed with the testimony of the wife and the progress on the wife in what the wife has testified to. The fact that the husband could go to the Coliseum House when the wife is under psychiatric treatment and tell the wife about an affair with the sister that might have been going on at the house seems to me to not only go beyond what medical people would understand, but certainly beyond what any layman would understand to be the proper thing to do.
"The Court believes that because of the activities of Dr. Flamm and the fact that he seems to relish going into all these kinds of facts, especially as to the condition of his wife and what she has, the Court believes he has contributed considerably to the condition that the wife is presently in or was in certainly at the time of the separation.
"Insofar as the witness for Dr. Flamm, she seemed to be well rehearsed insofar as what was being testified to. It was the testimony in effect of both parties to say they had an agreement he would move out in August. The Court believes the testimony of the wife that she thought they would come back at a later time and would reconcile after some kind of counseling for both parties.
"Dr. Flamm testified that Dr. Morris, one of his co-workers, was involved in drugs. He, Dr. Flamm, testified against him, and yet, Dr. Flamm himself admits to using drugs. The Court believes that the use of these drugs has caused a change, if there ever was a change, in the personality of Dr. Flamm.
"Therefore, the Court finds the fault is of Dr. Flamm, and the wife is without fault."
On appeal, the standard of review to be applied by this court is whether the trial judge is manifestly erroneous in his factual determinations. Arceneaux v. Domingue, 365 So.2d 1330 (La., 1979); Canter v. Koehring Co., 283 So.2d 716 (La., 1973). Manifest error means "clearly wrong". Arceneaux, supra, 1333. In the instant appeal, the trial judge's factual determinations are based upon his observation of the witnesses and of Dr. Flamm's demeanor at trial and his observations are clearly reflected in his oral reasons for judgment. Based solely on the "cold, unfeeling record", this court cannot conclude that the trial judge was clearly wrong in his factual assessments or that he abused his discretion in his evaluations of the credibility *1274 of the witnesses. Burns v. Fernandez, 401 So.2d 1033 (La.App. 4th Cir., 1981). We therefore hold the trial judge was correct in finding the wife free from fault.
Defendant-appellant argues that the trial judge was unduly impressed with Dr. Flamm's admission to his wife of his affair with her sister while his wife was in psychiatric confinement. We think not. We find that the trial judge's comment was merely illustrative of the many events indicating a cruel and calculated campaign by Dr. Flamm to make his wife believe she was of unsound mind.
For these reasons the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.
WARD, J., concurring with reasons.
WARD, Judge, concurring with reasons.
Civil Code Article 159 provides that "... the judgment of divorce carries with it the dissolution of the community, which dissolution is retroactive to the date on which the original petition in the action was filed...." Thus, the effect of the judgment on appeal is a dissolution of the community retroactive to the date of the filing of the divorce petition, March 20, 1981. Therefore, I believe the issue raised by the husband, whether pretermitting the separation action constitutes an unconstitutional deprivation of property, is properly before this Court.
NOTES
[1] In the instant appeal, the record before this court was designated on appeal so that the complete record is not before this court.