483 So.2d 186 (1986)
Margaret Rose Gambrell LAND, Plaintiff-Appellant,
v.
Herbert Heinrich LAND, Jr., Defendant-Appellee.
No. 17501-KA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1986.
*187 Sockrider, Bolin & Anglin by H.F. Sockrider, Jr., Shreveport, for plaintiff-appellant.
Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs, West Monroe, for defendant-appellee.
Before MARVIN, FRED W. JONES, Jr., and SEXTON, JJ.
SEXTON, Judge.
A wife appeals from a judgment rejecting her demands for a legal separation and permanent alimony. We affirm.
Margaret Rose Gambrell Land and Herbert Heinrich Land, Jr. were married on October 7, 1950. Three children were born of this marriage, Herbert, William, and Margaret, all of whom have reached the age of majority.
The record reveals that the lengthy marriage between these two parties began crumbling some twelve years ago when the parties ceased sexual relations. The defendant testified that the cessation in marital relations was caused by certain physical problems as well as business pressures resulting from his architectural profession. Relations between the parties worsened, and as a result the parties began occupying separate bedrooms in June of 1977. At this point, the parties virtually ceased all communication with each other. Finally, in July of 1983 the defendant left the marital abode permanently.
On August 8, 1983, plaintiff filed suit for separation alleging various acts by defendant sufficient to constitute his legal fault. In the interim between the filing of the separation demands and the trial the defendant filed a reconventional demand for divorce on July 26, 1984 on the grounds that the parties had lived separate and apart for more than one year. Mrs. Land denied the allegations of Mr. Land's reconventional demand, and in the alternative asserted her freedom from fault in the dissolution of the marriage and sought permanent alimony in the event of a final divorce.
The trial court granted Mr. Land's demand for divorce. In so doing, the court specifically determined that Mr. Land was guilty of sufficient fault to entitle Mrs. Land to a separation. However, a separation was not awarded because the trial court determined that the issue was rendered moot by virtue of the preeminent successful divorce action of Mr. Land. The trial court further denied Mrs. Land's claim for permanent alimony because it found both parties mutually at fault in the dissolution of the marriage.
Mrs. Land has appealed asserting three assignments of error, which present two legal issues. The first is whether the trial court erred in determining that Mrs. Land's demands for a separation were rendered moot by Mr. Land's successful demand for a divorce. The second is whether the trial court erred in finding Mrs. Land at fault in the breakup of the marriage and thus not entitled to receive permanent alimony.
In arguing the threshold contention that plaintiff is entitled to a judgment of separation in spite of her husband's valid divorce demand, counsel for Mrs. Land urges the applicability of Mathews v. Mathews, 459 So.2d 546 (La.App. 5th Cir.1984). Indeed, in Mathews the Fifth Circuit, on rehearing, reversed its original determination that the *188 trial judge erred in granting a separation and a divorce in the same judgment, and thus determined that the granting of a divorce and a separation simultaneously was not mutually inconsistent. In Mathews, just as in the instant case, the trial court found that the spouse presenting the divorce demand was sufficiently at fault to have entitled the other spouse to a separation.[1]
In contrast, this court, although without detailed consideration, determined in Jordan v. Jordan, 408 So.2d 952 (La.App. 2d Cir.1981), "that appellee's reconventional demand for a divorce [takes] precedence over appellant's initial suit for a separation."
As a result of counsel for appellant's strenuous contention in this regard, we have reexamined the issue in light of Mathews. Our conscientious trial brother took note of Mathews in determining the result of this cause below, but determined that the dissent of Judge Bowes was more cogent.[2] Upon a review of Mathews and Jordan, we have determined to adhere to the holding of Jordan, and insofar as the majority view in Mathews may be to the contrary, we disagree with that view and decline to follow it. A divorce terminates the marriage. As Judge Bowes noted in his dissent in Mathews:
Granting [a divorce and a separation] within one judgment gives the parties two different forms of relief which are... mutually exclusive. The parties are still married, and also no longer married, at one and the same time. Such a result is substantially violative of Civil Code articles 136, 155, and 159; and is procedurally incompatible with C.C.P. article 462.
[Mathews, supra, at p. 553 (Bowes, J., dissenting)]
Thus, the trial court was correct in the instant case in determining that Mr. Land's demand for divorce took precedence over those for separation, and therefore was correct in denying a judgment of separation to Mrs. Land.
We turn now to Mrs. Land's demand for permanent alimony which was rejected on the basis that both parties were mutually at fault in causing the dissolution of the marriage.
LSA-C.C. Art. 160 requires freedom from fault on the part of the claimant spouse as a prerequisite to an award of alimony after divorce. To amount to fault, the claimant spouse's misconduct must not only be serious in nature but must also be an independent contributory or proximate cause of the separation. Pearce v. Pearce, 348 So.2d 75 (1977). The level of fault which will preclude permanent alimony is only such conduct which would entitle the other spouse to a separation or divorce under LSA-C.C. Arts. 138 and 139. Adams v. Adams, 389 So.2d 381 (La.1980).
As the trial court stated, this marriage was "literally a separation or divorce looking for a time and place to happen." The trial judge found that the wife's fault consisted of her action in pointing a pistol at Mr. Land on the night of July 11, 1983. The record shows that on the evening of July 11, 1983, the plaintiff asked defendant to take her to the office of his architectural firm in order that she might review the firm's accounts receivable. The defendant agreed and he and the plaintiff went to the office in separate cars. At the office, the defendant gave the plaintiff the material which she requested. After looking at these, plaintiff then requested that the defendant show her the corporation's ledger book and the corporate minutes. The defendant explained to the plaintiff that the firm was now using a different bookkeeping procedure. He stated he told her the records were now kept on computer printout sheets, and therefore he could not produce the material which plaintiff was seeking.
*189 At this point, as is usually the case in these situations, the testimony of each party differs substantially. Of course, there were no witnesses to this event. The plaintiff stated that the defendant came toward her with his hands out in front of him and she assumed he was advancing toward her to attack her. The plaintiff testified that she produced the weapon from her purse and merely showed it to the defendant in order to stop his advance toward her.
The defendant testified that he could see that this meeting with his wife was not going to be fruitful and that another argument would result. He testified that he therefore merely approached the plaintiff in order to retrieve the records. Defendant claims that as he did so plaintiff pulled a pistol from her purse and pointed it at him. The defendant moved out of the family home the next day and has not returned.
Plaintiff attempted to justify her conduct on the basis that she thought defendant was coming toward her to attack her and that she merely produced the weapon in order to protect herself. The plaintiff stated she was in fear of physical harm from the defendant. The only evidence of physical abuse by the defendant toward the plaintiff consisted of two incidents which occurred in January of 1976 and June of 1977.
The initial fault of one spouse which would render further marital relations insupportable may provoke some reasonably justifiable response by the other spouse. Such a response in this context is not fault within the meaning of LSA-C.C. Art. 160 which will preclude permanent alimony. Bruner v. Bruner, 364 So.2d 1015 (La. 1978). Vail v. Vail, 390 So.2d 978 (La.App. 2d Cir.1980).
However, the trial judge found that these two incidents were too isolated to justify a reasonable belief by the plaintiff that the defendant was going to attack her on the night of July 11. The trial court noted that in each of these two incidents it was always the plaintiff who had first laid her hands on the defendant. In the trial court's opinion, the evidence failed to show a reasonable basis for the plaintiff to have such a fear of the defendant that she should feel compelled to protect herself with a dangerous weapon.
In summary, the trial court accepted Mr. Land's version of the events in specific terms and determined that the acts upon which Mrs. Land relied were insufficient provocation for the action she took on the evening of July 11, 1983. Thus, Mrs. Land's act of threatening Mr. Land with a pistol was determined to be an inappropriate response to the circumstances of the moment. The unjustified threatening of a spouse with a firearm constitutes sufficient independent fault to support a separation. Amos v. Amos, 232 La. 178, 94 So.2d 23 (1957); Higginbotham v. Higginbotham, 457 So.2d 165 (La.App. 2d Cir.1984).
In a divorce or separation proceeding, the trial court's finding of fact on the issue of fault is entitled to great weight and will not be disturbed on appeal absent a finding of manifest error. Pearce v. Pearce, supra; Jenkins v. Jenkins, 441 So.2d 507 (La.App. 2d Cir.1983), writ denied 444 So.2d 1223 (La.1984).
We find no abuse of discretion by the trial court in finding appellant at fault in causing the dissolution of the marriage. Thus, the denial of plaintiff's claim for permanent alimony was correct.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] In Mathews, the trial court awarded the separation but in the instant case the trial court did not.
[2] Mathews at p. 553.