MARY ANN VIAL LEMMON, Judge pro tern.
On January 28, 1988, the husband filed a petition for legal separation based on living separate and apart from his wife since July 4, 1987. On July 18, 1988, he filed a petition for divorce based on living separate and apart from his wife since July 4, 1987.
On December 1, 1988, the parties appeared for hearing on the merits of both the separation and the divorce actions. The husband attempted to obtain judgments of separation and divorce simultaneously in order to insure that the dissolution of the community would be retroactive to the date of his filing for the separation. The court granted a judgment of divorce, but refused to grant a judgment of separation.
The husband appealed urging this court to reverse the denial of the judgment of separation. The husband argues that he was entitled, on the basis of the facts and the law, to a judgment of separation which would further entitle him to a declaration that the termination of the community was effective as of the date of the filing of the separation action.[1]
Several appellate courts have considered similar issues, although none has squarely addressed the issue before us.
In Duncan v. Duncan, 359 So.2d 1310 (La.App. 1st Cir.1978) the husband left on a business trip on June 11, 1975. The wife decided to separate on June 14, 1975, and left the matrimonial domicile on June 15, 1975. She filed suit for divorce on June 14, 1977 based on living separate and apart for two years. The court refused to allow plaintiff to amend her petition to cure the exception of prematurity, citing Pepe v. Drouant, 311 So.2d 582 (La.App. 1st Cir.1975) for the proposition that an amended petition cannot relate back to the date of the original petition when the cause of action alleged in the amended petition had not accrued when the original petition was filed.
Duncan is distinguishable from this case because here the cause of action for the separation had accrued as of the date of *681 the filing of the original petition for separation.
The trial court in this case relied on Land v. Land, 483 So.2d 186 (La.App. 2nd Cir.1986), which cited Jordan v. Jordan, 408 So.2d 952 (La.App. 2nd Cir.1981). In Land, the issue was entitlement to alimony. Because a determination of the wife’s fault in the divorce precluded the wife from obtaining permanent alimony, the issue of whether the court should have granted a separation based on the husband’s fault was held to be moot.
In Jordan the court stated that an action for divorce “takes precedence over an action for separation,” but granted the wife the relief she requested by reserving her right to prove her freedom from fault (which she had alleged in the separation) in order to obtain permanent alimony. Again, unlike the present case, the central focus was on entitlement to alimony, and the date of the termination of the community was not pertinent to the decision.
In Mathews v. Mathews, 459 So.2d 546 (La.App. 5th Cir.1984) the court affirmed the granting of a judgment of separation and divorce where the two were based on separate grounds and there was an agreement to have judgments rendered in both actions.
The wife attempts to distinguish this case from Mathews because in this case the parties did not consent to have judgments of both separation and divorce. Because the parties are obviously in adverserial positions in the determination of the effective date of termination of the community, it is inappropriate to require the consent of both to resolve the issue.
Here, although the event which gave rise to the cause of action (i.e., separating on July 4, 1987) is the same, the grounds for separation were the living separate and apart for six months, while the grounds for divorce were the living separate and apart for one year. Upon proof of the grounds for separation, a judgment of separation must be granted when important rights are thereby preserved. After filing for a separation, where valid statutory grounds exist a litigant must know his community property status so that informed business decisions may be made in reliance thereon. Only upon failure of proof of the grounds for the separation or upon proof of reconciliation of the parties should the separation be denied.
In this case the separation was based on the same event as the divorce, i.e., living separate and apart after July 4, 1987. The filing of the suit for divorce after the one-year period of separation had accrued did not defeat the protection the husband had already established to a termination of the community retroactive to the filing of the separation action.
The decision of the district court is reversed, and judgment is rendered granting a judgment of separation contemporaneously with the judgment of divorce and terminating the community retroactive to the filing of the petition for separation. All costs are assessed against the wife.
REVERSED AND RENDERED.
LANIER, J., dissents and assigns reasons.
LeBLANC, J., dissents for reasons assigned by LANIER, J.

. Under the ruling of the trial court, the effective date of the termination of the community arguably was the date of the filing of divorce rather than the date of the filing of the separation.