LANIER, Judge,
dissenting.
We dissent from the majority opinion because (1) the trial judge did not abuse his discretion in severing the divorce cause of action from the separation cause of action, (2) the majority opinion ignores the established jurisprudence that a judgment in a divorce cause of action abates a pending separation cause of action, and (3) the appellant has failed to properly preserve for appellate review the judgment of the trial court which severed the separation and divorce causes of action.
PROCEDURAL FACTS
On January 28, 1988, the husband filed a suit for a separation asserting the parties lived separate and apart for a period in excess of six months. On July 18, 1988, the husband filed a suit for a divorce in the separation suit record asserting the parties lived separate and apart for a period of one *682 year. On November 3, 1988, the wife, in a single pleading, answered the petitions in the separation and divorce actions and reconvened against the husband for a separation, and in the alternative, for a divorce, asserting abandonment and the living apart of the parties.
The trial of this case was held on December 1, 1988. At the commencement of the trial, counsel for the parties stipulated as follows:
MR. WHIPPLE:
If Your Honor please, the matter of Robert LeRay, Jr., Husband versus Linda Milligan, Wife, number 90161, there is pending before the Court a petition for a separation from bed and board which was filed on January 28, 1988. No judgment was ever rendered on that petition. It is based upon the parties living separate and apart for a period in excess of six months. Subsequently, on July 18, 1988 on behalf of Dr. LeRay I filed a petition for absolute divorce based upon living separate and apart for a period in excess of one year. We would at this time move to take up the petition for separation from bed and board and we will thereafter take up the petition for divorce. It’s my understanding that opposing counsel objects to this procedure. And as we discussed in a pre-trial conference, upon such time as we present the law to the Court, the Court will make its ruling upon that issue.
MR. ALFRED:
That is correct, Your Honor. Our position being that the petition for divorce since we are, due to the facts that have been generated by way of discovery, not seeking permanent alimony, that the issue of alimony not being taken up at this time, that the divorce petition pretermits the separation petition and that that is the matter that is right for decision by the Court this morning. And we would point out for the record that the evidence will basically be the same for either cause of action.
THE COURT:
I understand you gentlemen are prepared to enter into a stipulation regarding the fault situation?
MR. WHIPPLE:
It is my understanding that the parties have agreed and respective counsel, Mr. Alfred and myself, have agreed that we will stipulate that both parties are mutually and equally at fault in causing the separation and living separate and apart for a period of six months and for a period of one year such as to forever preclude either party from ever seeking alimony from the other. Is that correct, Mr. Alfred?
MR. ALFRED:
That is basically correct. We will stipulate to the mutuality of fault sufficient to preclude permanent alimony. And we would also agree that any consideration of the community property is pretermit-ted at this time due to our not having complete information as yet and that both parties will reserve their right to go forward with that at a later time when that’s complete.
The trial judge then observed as follows: With that understanding then, I will hear the evidence — since I appreciate all of the evidence is one in the same with regard to the separation and divorce, I will hear that evidence and then rule on the issue of whether or not the separation should take precedence over the divorce or vice versa.
The trial was then held.
On June 19, 1989, the trial judge rendered a judgment which provides as follows:
The sole issue before this Court was whether separation and divorce judgments should be rendered together where both issues are tried simultaneously. Pursuant to Land v. Land, 483 So.2d 186 (LA App. 2d Cir.1986) this Court finds the divorce takes precedence over the separation. Therefore,
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment granting the parties ROBERT LERAY, *683 JR. and LINDA MILLIGAN LERAY, a judgment of divorce forever severing the bonds of matrimony existing between them on the grounds of living separate and apart for a period of more than one year.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to a stipulation between the parties there was equal fault in causing the divorce, precluding the right of either party to seek permanent alimony from the other.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the parties be awarded joint custody of the children with ROBERT LERAY, JR. being the custodial parent.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the use of the family home remain as is, pending the partition of the community property.
The husband took this devolutive appeal. The wife has not appealed or answered the appeal.
In his only assignment of error, the husband asserts the following:
The trial court erred in refusing to grant a legal separation, and in holding that a demand for divorce takes precedence over a demand for legal separation where both issues are tried simultaneously. The trial court erred in holding that a demand for divorce absolutely pre-termitted and abrogated plaintiff’s right to trial and judgment on his demand for a legal separation.
SEVERING THE SEPARATION AND DIVORCE ACTIONS
A cause of action for a separation ceases to exist (abates or is extinguished) when a judgment of divorce is rendered. Shapiro v. Shapiro, 242 La. 903, 139 So.2d 762 (1962); Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1956); Sampognaro v. Sampognaro, 213 La. 814, 35 So.2d 742 (1948); Cotton v. Wright, 193 La. 520, 190 So. 665 (1939). Thus, a cause of action for a separation is inconsistent, or mutually exclusive, with a cause of action for a divorce, and the two causes of action should not be cumulated in the same judicial demand unless plead in the alternative. La.C.C.P. arts. 462, 891 and 892. It is legally impossible for a husband and wife to be legally separated and divorced at the same time (contemporaneously). See discussion in Thornton v. Floyd, 85 So.2d at 501.
The husband improperly cumulated the separation and divorce actions in this case because he did not assert them in the alternative. When the cumulation of actions is improper, and the court has jurisdiction and the venue is proper, the court may order separate trials of the actions or order the plaintiff to elect the action with which he wishes to proceed. La.C.C.P. art. 464. However, improper cumulation of actions is an objection which is raised by the dilatory exception, and it is waived if not pleaded prior to answer. La.C.C.P. arts. 926 and 928. The wife waived this objection when she filed her single answer to the improperly cumulated separation and divorce actions. Thus, it would appear that we must consider these two actions as being properly cumulated.
La.C.C.P. art. 465 provides as follows:
When the court is of the opinion that it would simplify the proceedings, would permit a more orderly disposition of the case, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of cumulated actions, even if the cumulation is proper.
A trial judge has much discretion in deciding whether or not to sever cumulated actions for trial, and his decision on this issue should not be reversed on appeal unless there has been an abuse of that discretion. White v. Cumis Insurance Society, 415 So.2d 574 (La.App. 3rd Cir.), writ denied, 420 So.2d 164 (La.1982).
As previously indicated, the trial judge based his decision to sever the separation and divorce actions on the case of Land v. Land. In Land, the wife filed a suit for a separation and the husband responded with a reconventional demand for a divorce. The trial court found the parties mutually at fault, denied the wife’s claim for alimony, granted the husband’s action for divorce, and declared the wife’s separation action moot because of the granting of the divorce. The wife appealed, asserting er *684 ror in the rejection of her demands for a legal separation and alimony. The appellate court in Land, 483 So.2d at 188, found that the trial court correctly disposed of the separation action with the following rationale:
A divorce terminates the marriage. As Judge Bowes noted in his dissent in Mathews:
Granting [a divorce and a separation] within one judgment gives the parties two different forms of relief which are ... mutually exclusive. The parties are still married, and also no longer married, at one and the same time. Such a result is substantially violative of Civil Code articles 136, 155, and 159; and is procedurally incompatible with C.C.P. article 462.
[Mathews, supra, at p. 553 (Bowes, J., dissenting) ]
Thus, the trial court was correct in the instant case in determining that Mr. Land’s demand for divorce took precedence over those for separation, and therefore was correct in denying a judgment of separation to Mrs. Land.
We find this rationale persuasive. The trial judge herein did not abuse his discretion.
In their decree, the majority states that “judgment is rendered granting a judgment of separation contemporaneously with the judgment of divorce and terminating the community retroactive to the filing of the petition for separation.” The majority have accomplished a legal impossibility; they have adjudged the husband and wife legally separated (and still married to each other) and divorced (not married to each other) at the same time. We will not be parties to such a judicial action.
APPELLATE JURISDICTION OVER THE MERITS OF THE SEPARATION ACTION
We question whether this court has appellate jurisdiction to adjudicate the merits of the separation action as the majority have done. The trial judge did not rule on the merits of the separation action; instead, he (1) rendered a judgment which severed the separation and divorce actions and (2) rendered a judgment on the merits of the divorce action. The husband appealed, but he only assigned error concerning the judgment severing the two actions; he did not assign error in the judgment on the merits of the divorce action, and that judgment is now final and definitive. Since the judgment of divorce extinguishes (abates) the separation action, how can this court now grant any relief? Since the trial court has not rendered a judgment on the merits of the separation action under its original jurisdiction, how can this court have appellate jurisdiction to do so?